CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 DEC 29  P 12: 20

DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO. 7:16-CV-00126 |
| ) | |
| LARRY CECIL CABELKA, ) | |
| ) | |
| Defendant and Cross-Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | |
| LOGSDON FARMS, INC., CHAD ) | |
| LOGSDON, BILLY LOGSDON, ) | |
| REBECCA CABELKA THORPE, JARED ) | |
| CABELKA, AMANDA SLATE, BONNIE ) | |
| CABELKA, PRICE FARMS, LLC and ) | |
| KENT PRICE, ) | |
| ) | |
| Cross-Defendants. ) | |

**CROSS-DEFENDANT AMANDA SLATE'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) AND BRIEF IN SUPPORT**

TO THE HONORABLE DISTRICT COURT JUDGE:

Cross-Defendant Amanda Slate prior to filing an Answer to Defendant and Cross-Plaintiff Cabelka's Crossclaim herein, file this Motion to Dismiss Defendant's claims against her under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and would respectfully show the Court the following:

## Introduction

1. Plaintiff, the United States of America, filed suit against Defendant Larry Cecil Cabelka alleging that he owes a tax debt.

2. Defendant Cabelka filed an "Original Answer and Crossclaim" on November 23, 2016. Cabelka filed a "Crossclaim" against Amanda Slate and eight others. Amanda Slate is not technically a "Cross-defendant," she will be referred to as the "Slate Cross-defendant" herein for ease of reference.

3. The Slate Cross-defendant moves for dismissal of Defendant Cabelka's claims against her on the bases that (1) this court lacks subject matter jurisdiction and (2) Cabelka has failed to state a claim upon which relief can be granted.

## Lack of Subject Matter Jurisdiction

4. Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleadings sufficiency (factual attack). Cabelka's pleading is subject to both a facial attack and a factual attack, as there is neither a sufficiency of the pleadings to establish jurisdiction nor any factual support for subject matter jurisdiction.

5. Plaintiffs have the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Even pro se plaintiffs must "reasonably comply" with pleading requirements. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

6. Here, Cabelka's complaint against the Slate Cross-defendant does not contain an adequate jurisdictional statement; in fact, he makes no jurisdictional allegations at all. Cabelka's Crossclaim does not allege that the court has diversity jurisdiction under 28 U.S.C. § 1332 (and the Slate Cross-defendant denies that the court has diversity jurisdiction). Cabelka's Crossclaim does not assert a federal claim, so there is no basis for him to assert federal question jurisdiction under 28 U.S.C. § 1331. Cabelka's Crossclaim does not allege that the court has supplemental jurisdiction under 28 U.S.C. § 1367. The one-sentence allegation against the Slate Cross-defendant, even when construed liberally, does not set out a federal claim nor does it appear to be part of the same case or controversy as the Plaintiff's original action, which is a suit for the enforcement of the internal revenue laws. In short, Cabelka invokes no federal rule or statute by which the Slate Cross-defendant may be made party to this lawsuit. Therefore, Cabelka's claim is so attenuated and unsubstantial, its dismissal is justified under Fed. R. Civ. P. 12(b)(1).

### Failure to State a Claim

7. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In his Crossclaim, Defendant Cabelka does not state a claim upon which relief can be granted against the Slate Cross-defendant. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted when the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle him to relief. *Hison v. King & Spaulding*, 467 U.S. 69, 73 (1984).

8. Defendant Cabelka's sole allegation against the Slate Cross-defendant is a one-sentence reference to them in Paragraph 9 of his Crossclaim, which states: "Amanda slate Cabelka was a spouse of Jared in 1997 to 2002 should be a party and responsible."

9. Cabelka's pleading is substantively deficient because he has not pled any identifiable cause of action. Instead, he has provided only a naked assertion of "was spouse of Jared" and "should be a party and responsible." Cabelka's pleading thus does not satisfy the pleading requirements set forth by the United States Supreme Court. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

10. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria: (1) It must assert a plausible claim; and (2) it must set forth sufficient factual allegations to support the claim. *Iqbal*, 129 S. Ct. at 1949-50 (citing *Twombly*, 550 U.S. 554); *see also Frith v. Guardian Life Ins. Co. v. Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory).

11. To satisfy the standards set forth in *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id.* "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." *Id.* at 1950. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id.* Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id.* at 1951.

12. Cabelka's Crossclaim does not come close to meeting the required pleading standards. He has not identified a cause of action, set forth the elements of a cause of action, or provided any factual support for his statement.

## Conclusion

In conclusion, Cabelka is unable to establish this Court's jurisdiction over his claims against the Slate Cross-defendant, and has failed to advance a claim upon which relief can be granted. Accordingly, the Court should dismiss Cabelka's claim pursuant to Rule 12(b)(1) or Rule 12(b)(6).

## Prayer

For these reasons, Amanda Slate asks the Court to grant this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), order that Defendant / Cross-Plaintiff Larry Cecil Cabelka take nothing by way of these claims, and grant Amanda Slate all other relief that the Court deems appropriate.

Respectfully submitted,

AMANDA SLATE
4520 Copperwood Street
Duncan, OK  73533
(580) 467-4392
Onsiterents@yahoo.com

By_____
Amanda Slate, Pro se

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2016, the foregoing document was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Larry Cecil Cabelka
P.O. Box 295
Megargel, TX 76370
Larry.cabelka@yahoo.com

Ramona S. Notinger
US Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201

AMANDA SLATE
4520 Copperwood Street
Duncan, OK 73533
(580) 467-4392
Onsiterents@yahoo.com

By _____
Amanda Slate, Pro se