UNITED STATES DISTRICT COURT )
NORTHERN DISTRICT OF TEXAS )
WICHITA FALS DIVISION )
UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)
VS. )
) CASE NO. 7:16-CV-00126
LARRY CECIL CABELKA, )
)
      Defendant and Cross-Plaintiff, )
)
VS. )
)
LOGSDON FARMS, INC., CHAD )
LOGSDON, BILLY LOGSDON, )
REBECCA CABELKA THORPSE, JARED )
CABELKA, AMANDA SLATE, BONNIE )
CABELKA, PRICE FARMS, LLC, and, )
KENT PRICE, )
)
      Cross-Defendants. )

**CROSS-DEFENDANT REBECCA CABELKA THORP'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND BRIEF IN SUPPORT**

TO THE HONORABLE DISTRICT COURT JUDGE:

    Cross-Defendant Rebecca Cabelka Thorp (hereafter Rebecca Thorp) prior to filing an Answer to Defendant and Cross-Plaintiff Cabelka's Crossclaim herein, files this Motion to Dismiss Defendant's claims against her under Federal Rules of Civil Procedure 12 (b)(1) and 12(b)(6), and would respectfully show the Court the following:

### INTRODUCTION

1.    Plaintiff, the United States of America, filed suit against Defendant, Larry Cecil Cabelka, alleging that he owes a tax debt.

2. Defendant Cabelka filed an "Original Answer and Crossclaim" on November 23, 2016. Cabelka filed a "Crossclaim" against Rebecca Thorp and eight other. Rebecca Thorp is not technically a "Cross-Defendant," she will be referred to as the "Thorp Cross-Defendant" herein for ease of reference.

3. The Thorp Cross-Defendant moves for dismissal of Defendant Cabelka's claims against her on the basis that (1) this Court lacks subject matter jurisdiction and (2) Cabelka has failed to state a claim upon which relief can be granted.

## LACK OF SUBJECT MATTER JURISDICTION

4. Federal Rule of Civil Procedure 12(b)(1) provides for dismissal fo an action for "lack of subject matter jurisdiction." See Fed. R. Civ. P.12(b)(1). A Rule 12 (b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleadings sufficiency (factual attack). Cabelka's pleading is subject to both a facial attack and a factual attack, as there is neither a sufficiency of the pleadings to establish jurisdiction nor any factual support for subject matter jurisdiction.

5. Plaintiffs have the burden of establishing jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Even pro se plaintiffs must "reasonably comply" with pleading requirements. *Grant v. Cuellar*, 59 F.3d, 523, 524 (5th Cir. 1995).

6. Here, Cabelka's complaint against the Thorp Cross-Defendant does not contain an adequate jurisdictional statement; in fact, he makes no jurisdictional allegations at all. Cabelka's Crossclaim does not allege that the court has diversity jurisdiction under 28 U.S.C. §1331. Cabelka's Crossclaim does not allege that the Court has supplemental jurisdiction under 28

U.S.C. §1367. The four (4) sentence allegation against the Thorp Cross-Defendant, even when construed liberally, does not set out a federal claim nor does it appear to be part of the same case or controversy as to the Plaintiff's original action, which is a suit for the enforcement of the internal revenue laws. IN short, Cabelka invokes no federal rule or statute by which the Thorp Cross-Defendant may be made party to this lawsuit. In addition, Thorp has successfully defended the claims by Cabelka that she is responsible for his taxes before the District Court of Kiowa County, Oklahoma, in Case No: FD-2001-50 and before the District Court of Comanche County, Oklahoma in Case No. CJ-2014-520 and before the District Court of Cotton County, Oklahoma in Case No. CV-2014-14. Therefore, Cabelka's claims is unsubstantial and its dismissal is justified under Fed. R. Civ. P. 12(b)(1).

## FAILURE TO STATE A CLAIM

7. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See Fed R. Civ. P. 12(b)(6). In his Crossclaim, Defendant Cabelka does not state a claim upon which relief can be granted against the Thorp Cross-Defendant. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted when the complaint clearly demonstrates that the plaintiff cannot prove any set of fact that would entitle him to relief. *Hison v. King & Spaulding*, 467 U.S. 69, 73 (1984).

8. Defendant Cabelka's sole allegations against the Thorp Defendant are from sentences 1-4 of his Cross-Claim, which states:

> "1. Defendant was married to Rebecca Cabelka until 2001, Rebecca should be a party.

> 2. Rebecca Thorp formerly Cabelka was responsible for turning in the taxes.
>
> 3. Since she was spouse at the time she is responsible for half of taxes if proved owed.
>
> 4. Rebecca forged the signature of Jared Cabelka and used money out of Jared's account."

9. Cabelka's pleading is substantively deficient because he has not pled any identifiable cause of action. Instead he has provided only assertions that Thorp was married to Cabelka until 2001 and had a duty to request his income tax activity and pay half of his taxes and "should be a party and responsible." Cabelka's pleading thus does not satisfy the pleading requirements set forth by the United States Supreme Court. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertion (of facts) devoid a further factual enhancement" is sufficient to withstand dismissal) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

10. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria: (1) It must assert a plausible claim; and (2) it must set forth sufficient factual allegations to support the claim. *Iqbal*, 129 S. Ct. at 1949-50 (citing *Twombly*, 550 U.S. 554); see also *Frith v. Guardian Life Ins. Co. v. Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory).

11. To satisfy the standards set forth in *Twomby* and Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" *Id*. A claim has facial plausibility when the Plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the Defendant is liable under the alleged claim. *Id*. "A court considering a motion to dismiss can choose to begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id.* Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id.* at 1951.

12. Cabelka's Crossclaim does not come close to meeting the required pleading standards. He has not identified a cause of action, set forth the elements of a cause of action, or provided any factual support for his statement.

## CONCLUSION

In conclusion, Cabelka is unable to establish this Court's jurisdiction over his claims against the Thorp Cross-Defendant, and has failed to advance a claim upon which relief can be granted. Accordingly, the Court should dismiss Cabelka's claim pursuant to Rule 12(b)(1) or Rule 12 (b)(6).

## PRAYER

For these reasons, Rebecca Thorp asks the Court to grant this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), order that Defendant/Cross-Plaintiff Larry Cecil Cabelka, take nothing by way of these claims and grant Rebecca Thorp such other and further relief that the Court deems just and equitable.

Respectfully Submitted,

Rebecca Thorp
609 10th Street
Snyder, OK 73566
Pro-Se Cross-Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2017, the foregoing document was filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the Court. The electronic case filing system will send a "notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Larry Cecil Cabelka
PO Box 295
Megargel, TX 76370
Larry.cabelka@yahoo.com

Ramona S. Notinger
US Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201

Amanda Slate
4520 Copperwood Street
Duncan, OK 73533
Onsiterents@yahooo.com

_____
Rebecca Thorp
609 10th Street
Snyder, OK 73566
Pro-Se Cross-Defendant