**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:16-cv-00126-O-BP |
| § | |
| **LARRY CECIL CABELKA,** § | |
| § | |
| Defendant. § | |
| § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Cross-Defendants Logsdon Farms, Inc., Chad Logsdon, and Billy Logsdon's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Brief in Support (ECF No. 11), filed December 14, 2016; Cross-Defendant Amanda Slate's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Brief in Support (ECF No. 24), filed December 29, 2016; Defendant Larry C. Cabelka's Response to Motion to Dismiss (ECF No. 26), filed January 13, 2017; Cross-Defendant Rebecca Cabelka Thorpe's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Brief in Support (ECF No. 29), filed January 23, 2017; and Defendant/Third Party Plaintiff Larry C. Cabelka's Response to Amanda Slate's Motion to Dismiss (ECF No. 30), filed January 25, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 2, 2017. ECF No. 32. A motion to dismiss for failure to state a claim is an enumerated dispositive motion to which the undersigned may only make a recommendation to Judge O'Connor. 28 U.S.C. § 636(b)(1)(A).

Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that Judge O'Connor GRANT in part and DENY in part as moot Logsdon Farms, Inc., Chad Logsdon, and Billy Logsdon's Motion to Dismiss (ECF No. 11), GRANT in part and DENY in part as moot Amanda Slate's Motion to Dismiss (ECF No. 24), and dismiss Cabelka's claims against the aforementioned third-party defendants without prejudice. The undersigned further RECOMMENDS that Judge O'Connor DENY Rebecca Cabelka Thorpe's Motion to Dismiss (ECF No. 29).

## I. BACKGROUND

Plaintiff United States of America ("United States") brought this action against Defendant Larry Cecil Cabelka ("Cabelka") on October 19, 2016 to reduce to judgment over $25.6 million in federal income tax liabilities. ECF No. 1 at 1, 3. On November 23, 2016, Cabelka filed his Original Answer and Crossclaim (ECF No. 7), alleging that various individuals and one company should be parties to the action. Thereafter, Logsdon Farms, Inc., Chad Logsdon, and Billy Logsdon (collectively, "the Logsdons") filed a Motion to Dismiss (ECF No. 11), Amanda Slate ("Slate") filed a Motion to Dismiss (ECF No. 24), and Rebecca Cabelka Thorpe ("Thorpe") filed a Motion to Dismiss (ECF No. 29), all asserting that dismissal of Cabelka's "crossclaims" is warranted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARDS

### A. *Pro Se* Standard

Cabelka, Slate, and Thorpe are proceeding *pro se*. ECF Nos. 7, 24, 29. Particular to a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B. Rule 14(a) Standard

Cabelka purported to assert crossclaims against various parties that were not original parties to the action brought against Cabelka, individually, by the United States. ECF No. 7; *see* ECF No. 1. Rule 13(g) of the Federal Rules of Civil Procedure provides that crossclaims may only be asserted by one party against a coparty. Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty . . . ."). Therefore, the Court will liberally construe Cabelka's "crossclaims" as a third-party complaint pursuant to Rule 14(a). Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.").

Under Rule 14(a), a defendant may sue "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "[I]mpleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim[,]" and is appropriate "only in cases where the third party's liability [is] in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967); *see also Neal v. 21st Mortg. Corp.*, 601 F. Supp. 2d 828, 832 n.6 (S.D. Miss. 2009) (citing *United States v. Bailey*, 516 F. Supp. 2d 998, 1019–20 (D. Minn. 2007) ("[A] defendant may not use Rule 14 to implead a third-party defendant who may have liability to the plaintiff instead of the defendant or

3

in addition to the defendant.")). "Thus, separate and independent claims against a third party are not permitted under Rule 14 even if such claims arise out of the same general set of facts as plaintiff's main claim." *Duke v. Compass Bank*, No. 4:13-CV-1012-A, 2014 WL 879674, at *1 (N.D. Tex. Mar. 5, 2014) (citing *Joe Grasso & Son*, 380 F.2d at 751). "[F]actors that courts have considered in deciding whether to permit a third-party complaint include possible prejudice to the other parties, undue delay by the third party plaintiff, and whether allowing the third party complaint would further the goals of Rule 14 by eliminating duplicative suits and promoting judicial economy." *Id.* (citing 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1443 (3d ed. 2010)); *Am. Int'l Specialty Lines Ins. Co. v. 7–Eleven, Inc.*, No. 3:08–CV–807–M, 2009 WL 2448440, at *2 (N.D. Tex. Aug. 7, 2009); *Briones v. Smith Dairy Queens, Ltd.*, No. V–08–48, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008)). Moreover, "the court is afforded 'wide discretion' in deciding whether to permit such third-party practice." *Id.* (citing *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984) (per curiam)).

### C. Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for

lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "If sufficient, those allegations alone provide jurisdiction." *Paterson*, 644 F.2d at 523. "When evidence is presented with the motion to dismiss, the attack is 'factual' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Lowe*, 972 F. Supp. 2d at 953 (quoting *Williamson*, 645 F.2d at 413). Here, no third-party defendants presented evidence together with their Rule 12(b)(1) motions, thus presenting a facial attack on subject matter

jurisdiction not requiring resolution of matters outside of the pleadings on this issue. *See id.*

"Once subject matter jurisdiction is proper, the court may have ancillary jurisdiction over additional claims or parties that it may not have had otherwise." *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236 (5th Cir. 1988); *see also Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996) ("Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367."). Where a party is impleaded under Rule 14, "the court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction." *Id.* at 236-37 (citing *H.L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433 (5th Cir. 1967)). However, in order for a court to have supplemental jurisdiction over third-party claims, the claims must be "'so related to claims in th[e] action' so as to form 'part of the same case or controversy.'" *Classic Ink., Inc. v. Tampa Bay Rowdies*, No. CIV.A. 3:09-CV-784-L, 2010 WL 184432, at *4 (N.D. Tex. Jan. 20, 2010) (citing 28 U.S.C. § 1367(a)).

### D. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). "[A] complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### III. ANALYSIS

*i. Claims against Logsdon Farms, Inc., Chad Logsdon, and Billy Logsdon*

Cabelka's sole allegation against the Logsdons is that they "are holding Defendant[']s equipment and refuse to show how payments were made and to who[m] the payments were made or copies of checks showing where the money could be found." ECF No. 7 at 2. The Logsdons assert in their Motion to Dismiss that (1) pursuant to Rule 12(b)(1), Cabelka's "one-sentence allegation against the Logsdon Cross-[D]efendants, even when construed liberally, does not set out a federal claim nor does it appear to be part of the same case or controversy as the Plaintiff's

original action, which is a suit for the enforcement of the internal revenue laws[;]" and (2) pursuant to Rule 12(b)(6), Cabelka "has not identified a cause of action, set forth the elements of a cause of action, or provided any factual support for his statement." ECF No. 11 at 3, 5. Cabelka filed an untimely response to the Logsdons' Motion, which asserts that jurisdiction is proper, generally quotes Rule 13(g), reiterates his original one-sentence allegation against the Logsdons, and argues that his claim is proper because "[the Logsdons] worked with other [C]ross-Defendants to show income to Defendant Cabelka that belonged to Jared Cabelka[, which] is the part of the same transaction that the [United States] bas[e]s its case on." ECF No. 26 at 2. Though untimely, the Court will consider Cabelka's Response. The Court will first examine the Logsdons' Motion under Rule 12(b)(1) for subject matter jurisdiction. *Ramming*, 281 F.3d at 161 (citation omitted).

Although under Rule 14 "a court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction[,]" a court lacks supplemental jurisdiction if the third-party claims are not so related to the claims in the action that they form the same case or controversy. *Zurn Indus., Inc.*, 847 F.2d at 236-37 (citing *H.L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433 (5th Cir. 1967)); *see also S. Mill. Co. v. United States*, 270 F.2d 80, 84 (5th Cir. 1959) (citing 3 Moore's Federal Practice 499, Par. 14.26); *Classic Ink.*, 2010 WL 184432 at *4. Here, the crux of the United States' claim against Cabelka is that he failed to file Form 1040 federal income tax returns for the taxable years 1997-2009. ECF No. 1 at 2-3. The United States further alleges that "Cabelka has failed, neglected, or refused to fully pay his income tax liabilities[,]" despite receiving proper notice and demands for payment, and seeks in excess of $25.6 million. *Id.* at 3. Such claims against Cabelka are based on Cabelka's individual liability for his failure to file income tax returns. *See* 26 U.S.C. § 6012 (tax returns shall be made by every individual who for the taxable year has gross income which equals or exceeds the exemption

amount). And it is well-settled that the responsibility for timely filing tax returns is the taxpayer's alone. *Millette & Assocs., Inc. v. C. I. R.*, 594 F.2d 121, 124 (5th Cir. 1979) (per curiam), *cert. denied*, 444 U.S. 899 (1979); *see also United States v. Boyle*, 469 U.S. 241, 247 (1985).

Cabelka has not stated any claim that the Logsdons "[are] or may be liable to [Cabelka] for all or part of the claim against [Cabelka]." Fed. R. Civ. P. 14(a)(1). Cabelka's allegations that the Logsdons are holding his equipment and have not produced copies of payments or checks do not in any way render the Logsdons liable to Cabelka for his failure to file his individual tax returns for the taxable years 1997-2009. *See* ECF No. 7 at 2. Cabelka's allegations against the Logsdons do not involve the Logsdons' liability being "dependent upon the outcome of the main claim" or "in some way derivative of the outcome of the main claim." *Joe Grasso & Son*, 380 F.2d at 751. Any potential claims Cabelka may have regarding his equipment and payment records regarding such equipment do not form part of the same case or controversy as the United States' claims against Cabelka. Because Cabelka has not stated a third-party claim against the Logsdons that is so related to the claims asserted by the United States that it "form[s] the same case or controversy[,]" the Court lacks supplemental jurisdiction over the third-party claim alleged by Cabelka. *See Classic Ink.*, 2010 WL 184432 at *4. The undersigned therefore RECOMMENDS that Judge O'Connor GRANT in part the Logsdons' Motion to Dismiss (ECF No. 11) to the extent it seeks dismissal under Rule 12(b)(1) and DENY in part as moot the Motion to the extent it seeks dismissal under Rule 12(b)(6), as the Court lacks subject matter jurisdiction over the third-party claim.

  *ii. Claims against Amanda Slate*

Cabelka's sole allegation regarding Amanda Slate is that "Amanda [S]late Cabelka was a spouse of Jared [Cabelka] [from] 1997 to 2002 [and] should be a party and responsible." ECF No.

7 at 2. Slate filed her Motion to Dismiss, on almost identical grounds as the Logsdons, asserting that (1) Cabelka's claim "even when construed liberally, does not set out a federal claim nor does it appear to be part of the same case or controversy as the Plaintiff's original action, which is a suit for the enforcement of the internal revenue laws[;]" and (2) Cabelka failed to adequately allege a claim against her. ECF No. 24 at 3. Cabelka filed an untimely response, essentially reiterating the claims included in his Original Answer and citing to Rule 13(g). ECF No. 30. As above, the Court will consider Cabelka's Response and first examine Slate's Motion under Rule 12(b)(1). *Ramming*, 281 F.3d at 161 (citation omitted).

As stated previously, the United States' claim is based on Cabelka's individual liability for his failure to file income tax returns, a personal and nondelegable duty that is Cabelka's alone. *Millette & Assocs.*, 594 F.2d at 124; *see also* 26 U.S.C. § 6012; *Boyle*, 469 U.S. at 247. As with his claims against the Logsdons, Cabelka has not stated any claim against Slate that she "is or may be liable to [Cabelka] for all or part of the claim against [Cabelka]." Fed. R. Civ. P. 14(a)(1). The Court cannot liberally construe Cabelka's conclusory allegation that Slate "should be a party and responsible" to establish any claim against Slate that asserts liability that is derivative of the United States' claim against him. Cabelka's allegation that Slate should be a party and responsible because she was married to Jared Cabelka does not render Slate liable to Cabelka for his failure to file his own individual tax returns, and does not form part of the same case or controversy as the United States' claims against Cabelka. Because Cabelka has not stated a third-party claim against Slate that is so related to the claims asserted by the United States that it "form[s] the same case or controversy[,]" the Court lacks supplemental jurisdiction over the third-party claim alleged by Cabelka. *See Classic Ink.*, 2010 WL 184432 at *4. The undersigned RECOMMENDS that Judge O'Connor GRANT in part Slate's Motion to Dismiss (ECF No. 24) to the extent it seeks dismissal

under Rule 12(b)(1) and DENY in part as moot Slate's Motion to the extent it seeks dismissal under Rule 12(b)(6), as the Court lacks subject matter jurisdiction over the third-party claim.

  *iii. Claims against Rebecca Cabelka Thorpe*

  Finally, with respect to Rebecca Cabelka Thorpe, Cabelka claims that (1) he was formerly married to Thorpe until 2001, and she should be a party as a result; (2) Thorpe was "responsible for turning in the taxes[;]" (3) Thorpe "is responsible for half of taxes if proved owed" because she was his spouse at the time; and (4) Thorpe "forged [the] signature of Jared Cabelka and used money out of Jared[']s account." ECF No. 7 at 2. Thorpe filed her Motion to Dismiss, on similar grounds as the Logsdons and Slate, asserting that the Court lacks subject matter jurisdiction and that Cabelka failed to adequately allege a third-party claim against her. ECF No. 29 at 2-4. The Court will first examine Thorpe's Motion under Rule 12(b)(1) before turning to the applicability of Rules 12(b)(6) and 14(a)(1). *Ramming*, 281 F.3d at 161 (citation omitted).

  Although the United States' claim against Cabelka is that he failed to file Form 1040 federal income tax returns for the taxable years 1997-2009, Cabelka claims that half of the income attributed to him by the United States is the responsibility of Thorpe as his spouse at the time for various taxable years. ECF No. 1 at 2-3; ECF No. 7 at 2. While the failure to file income tax returns is a personal and nondelegable duty that is Cabelka's alone, the Court cannot determine from the pleadings on file at this time that the amount attributed to Cabelka by the United States does not involve income that may be attributable to his former spouse. *Millette & Assocs.*, 594 F.2d at 124; *see also* 26 U.S.C. § 6012; *Boyle*, 469 U.S. at 247; DEP'T OF THE TREASURY INTERNAL REVENUE SERV., PUBLICATION 555 (Feb. 2016), https://www.irs.gov/pub/irs-pdf/p555.pdf (differentiating community property and community income from separate property and separate income). Therefore, the Court has subject matter jurisdiction of the third-party claim because Thorpe's

alleged liability is sufficiently related to the original claim against Cabelka that it forms part of the same case or controversy. *See Zurn Indus., Inc.*, 847 F.2d at 236-37 (citing *H.L. Peterson Co.*, 383 F.2d at 433); *Classic Ink.*, 2010 WL 184432 at *4.

Turning to Thorpe's Rule 12(b)(6) argument and affording liberal construction to the *pro se* pleadings on file, the Court finds that Cabelka has sufficiently alleged that Thorpe "is or may be liable to [Cabelka] for all or part of the claim against [Cabelka]." Fed. R. Civ. P. 14(a)(1). Cabelka's claims against Thorpe regarding the income properly attributable to himself and Thorpe, individually, as former spouses during the taxable years at issue may establish that Thorpe's liability to Cabelka is "in some way derivative of the outcome of the main claim." *Joe Grasso & Son*, 380 F.2d at 751. Because Cabelka has sufficiently alleged a third-party claim against Thorpe that requires the resolution of matters outside of the pleadings at this stage, the undersigned RECOMMENDS that Judge O'Connor DENY Thorpe's Motion to Dismiss (ECF No. 29). Accordingly, and for ease of reference in future proceedings and pleadings, the undersigned further RECOMMENDS that Judge O'Connor ORDER the Clerk of Court to correct Cabelka's designation in this case to reflect his party status as both the defendant and third-party plaintiff, instead of cross claimant, and correct Thorpe's designation to reflect her party status as a third-party defendant instead of a cross defendant.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor GRANT in part and DENY in part as moot Logsdon Farms, Inc., Chad Logsdon, and Billy Logsdon's Motion to Dismiss (ECF No. 11), GRANT in part and DENY in part as moot Amanda Slate's Motion to Dismiss (ECF No. 24), and dismiss Cabelka's claims against the Logsdons and Slate without prejudice. The undersigned further RECOMMENDS that Judge O'Connor DENY

Rebecca Cabelka Thorpe's Motion to Dismiss (ECF No. 29).

Additionally, the Court cautions Cabelka and Thorpe that pursuant to Local Rule 5.1(e)-(f) and the Court's Scheduling Order (ECF No. 15), they must register as ECF users within 14 days after appearing in a case, following the registration procedures set forth in the ECF Administrative Procedures Manual, and file all documents, including pleadings (except a complaint), motions, or other papers, electronically. L.R. 5.1 (*pro se* parties must register as ECF users within 14 days after entering appearance unless excused for cause); ECF No. 15 ("Now that the case is designated an ECF case, all documents must be filed electronically . . . ."). The Court also reminds Cabelka and Thorpe that all *pro se* parties must review and comply with the Local Civil Rules of the Northern District of Texas. ECF No. 15 at 10; *see, e.g.*, L.R. 7.1 (motion practice standards).

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed February 24, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

14