IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:16-cv-00126-O-BP |
| | § | |
| LARRY CECIL CABELKA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Dismiss (ECF No. 179) filed on November 16, 2017 by Price Farms, LLC, and J. Kent Price ("the Price Defendants"). On November 20, 2017, the Court ordered Defendant Larry Cabelka to respond to the Price Defendants' Motion to Dismiss on or before December 7, 2017. ECF No. 181. As of today's date, Defendant Cabelka has not filed a response. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT in part and DENY in part** as moot the Price Defendants' Motion to Dismiss (ECF No. 179).

I.  BACKGROUND

Plaintiff United States of America ("United States") brought this action against Defendant Larry Cecil Cabelka ("Cabelka") on October 19, 2016 to reduce to judgment over $25.6 million in federal income tax liabilities. ECF No. 1 at 1, 3. On November 23, 2016, Cabelka filed his Original Answer and Crossclaim (ECF No. 7), alleging that various individuals and one company should be parties to the action. Thereafter, several defendants filed motions to dismiss. These included Logsdon Farms, Inc., Chad Logsdon, and Billy Logsdon (collectively, "the Logsdons") (ECF No. 11); Amanda Slate ("Slate") (ECF No. 24); and Rebecca Thorpe ("Thorpe"). Each of the movants

sought dismissal of Cabelka's "crossclaims" under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On February 24, 2017, the undersigned entered Findings, Conclusions, and Recommendation. ECF No. 33. Judge O'Connor accepted the Findings, Conclusions, and Recommendation and dismissed Cabelka's claims against Logsdon Farms, Inc., Chad Logsdon, Billy Logsdon, and Amanda Slate, and denied Rebeca Thorpe's Motion to Dismiss. ECF No. 34.

## II.  LEGAL STANDARDS

### A. Rule 14(a) Standard

Although Cabelka asserted "crossclaims" against the Price Defendants, the United States named Cabelka as the sole defendant in this case. ECF No. 7; *see* ECF No. 1. Rule 13(g) of the Federal Rules of Civil Procedure provides that crossclaims may only be asserted by one party against a coparty. Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty . . . ."). The Court liberally construes Cabelka's "crossclaims" as third-party claims under Rule 14(a) since Cabelka is proceeding *pro se*. Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.").

Under Rule 14(a), a defendant may sue "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "[I]mpleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim[,]" and is appropriate "only in cases where the third party's liability [is] in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967); *see also Neal v. 21st Mortg. Corp.*, 601 F. Supp. 2d 828, 832 n.6 (S.D. Miss. 2009) (citing *United States v. Bailey*, 516 F. Supp. 2d 998, 1019–20 (D. Minn. 2007) ("[A] defendant may not use Rule 14 to implead a third-party defendant who may have liability to the plaintiff instead of the defendant or

in addition to the defendant.")). "Thus, separate and independent claims against a third party are not permitted under Rule 14 even if such claims arise out of the same general set of facts as plaintiff's main claim." *Duke v. Compass Bank*, No. 4:13-CV-1012-A, 2014 WL 879674, at *1 (N.D. Tex. Mar. 5, 2014) (citing *Joe Grasso & Son*, 380 F.2d at 751). "[F]actors that courts have considered in deciding whether to permit a third-party complaint include possible prejudice to the other parties, undue delay by the third party plaintiff, and whether allowing the third party complaint would further the goals of Rule 14 by eliminating duplicative suits and promoting judicial economy." *Id.* (citing 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1443 (3d ed. 2010)); *Am. Int'l Specialty Lines Ins. Co. v. 7–Eleven, Inc.*, No. 3:08–CV–807–M, 2009 WL 2448440, at *2 (N.D. Tex. Aug. 7, 2009); *Briones v. Smith Dairy Queens, Ltd.*, No. V–08–48, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008)). Moreover, "the court is afforded 'wide discretion' in deciding whether to permit such third-party practice." *Id.* (citing *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984) (per curiam)).

**B. Rule 12(b)(1) Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for

lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "If sufficient, those allegations alone provide jurisdiction." *Paterson*, 644 F.2d at 523. "When evidence is presented with the motion to dismiss, the attack is 'factual' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Lowe*, 972 F. Supp. 2d at 953 (quoting *Williamson*, 645 F.2d at 413). Here, the Price Defendants did not present evidence together with their Rule 12(b)(1) motions, thus presenting a facial attack on subject matter

4

jurisdiction not requiring resolution of matters outside of the pleadings on this issue. *See id.*

"Once subject matter jurisdiction is proper, the court may have ancillary jurisdiction over additional claims or parties that it may not have had otherwise." *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236 (5th Cir. 1988); *see also Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996) ("Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367."). Where a party is impleaded under Rule 14, "the court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction." *Id.* at 236-37 (citing *H.L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433 (5th Cir. 1967)). However, in order for a court to have supplemental jurisdiction over third-party claims, the claims must be "'so related to claims in th[e] action' so as to form 'part of the same case or controversy.'" *Classic Ink., Inc. v. Tampa Bay Rowdies*, No. CIV.A. 3:09-CV-784-L, 2010 WL 184432, at *4 (N.D. Tex. Jan. 20, 2010) (citing 28 U.S.C. § 1367(a)).

**C. Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III. ANALYSIS

Cabelka's sole allegation against the Price Defendants is that they "sent an invalid 1099 and has Defendants equipment and refuse to show how payments were made and to who the payments were made or copies of checks showing where the money could be followed." ECF No. 7. The Price Defendants assert in their Motion to Dismiss that (1) Cabelka has not stated any claim that they are or may be liable to Cabelka for all or part of the claims against Cabelka himself, and (2) Cabelka's allegations against them "do not in any way render the Price Defendants liable to Cabelka for his failure to file his individual tax returns for the taxable years 1997-2009." ECF No. 7 at 7. Specifically, the Price Defendants argue that "any potential claims Cabelka may have regarding his equipment and payment records regarding such equipment do not form part of the same case or controversy as the United States' claims against Cabelka. Any claim that the Price

Defendants 'sent an invalid 1099' similarly is not dependent upon the outcome of the main claim." ECF No. 7 at 7. They allege further that "[i]f the 1099 is in any way in error, and such error results in an adjustment to the amount of taxes Cabelka may owe, that will be resolved in the resolution of the United States' claim, but it does not constitute any liability for that claim on the part of the Price Defendants." ECF No. 7 at 7.

Although under Rule 14 "a court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction[,]" a court lacks supplemental jurisdiction if the third-party claims are not so related to the claims in the action that they form the same case or controversy. *Zurn Indus., Inc.*, 847 F.2d at 236-37 (citing *H.L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433 (5th Cir. 1967)); *see also S. Mill. Co. v. United States*, 270 F.2d 80, 84 (5th Cir. 1959) (citing 3 Moore's Federal Practice 499, Par. 14.26); *Classic Ink.*, 2010 WL 184432 at *4. Here, the United States' claims against Cabelka are based on the alleged fact that he failed to file Form 1040 federal income tax returns for the tax years 1997-2003 and 2005-2009. ECF No. 1 at 2-3. The United States further alleges that "Cabelka has failed, neglected, or refused to fully pay his income tax liabilities[,]" despite receiving proper notice and demands for payment. *Id.* at 3. Such claims against Cabelka are based on Cabelka's individual liability for his failure to file income tax returns. *See* 26 U.S.C. § 6012 (tax returns shall be made by every individual who for the taxable year has gross income which equals or exceeds the exemption amount). And it is well-settled that the responsibility for timely filing tax returns is the taxpayer's alone. *Millette & Assocs., Inc. v. C. I. R.*, 594 F.2d 121, 124 (5th Cir. 1979) (per curiam), *cert. denied*, 444 U.S. 899 (1979); *see also United States v. Boyle*, 469 U.S. 241, 247 (1985).

Cabelka has not stated any claim that the Price Defendants "[are] or may be liable to [Cabelka] for all or part of the claim against [Cabelka]." Fed. R. Civ. P. 14(a)(1). His allegations

7

that the Price Defendants "sent an invalid 1099" and refused to disclose certain payment records are not relevant to Cabelka's failure to file his individual tax returns for the tax years at issue. *See* ECF No. 7. Cabelka's allegations against the Price Defendants do not involve liability being "dependent upon the outcome of the main claim" or "in some way derivative of the outcome of the main claim." *Joe Grasso & Son*, 380 F.2d at 751. Because Cabelka has not stated a third-party claim against the Price Defendants that is so related to the claims asserted by the United States that it "form[s] the same case or controversy[,]" the Court lacks supplemental jurisdiction over the third-party claim alleged by Cabelka. *See Classic Ink.*, 2010 WL 184432 at *4. The United States' claim is based on Cabelka's individual liability for his failure to file income tax returns, a personal and nondelegable duty that is Cabelka's alone. *Millette & Assocs.*, 594 F.2d at 124; *see also* 26 U.S.C. § 6012; *Boyle*, 469 U.S. at 247. The Court cannot liberally construe Cabelka's conclusory allegation that the Price Defendants should be a party and responsible to establish any claim against the Price Defendants that asserts liability that is derivative of the United States' claim against him.

Furthermore, the Price Defendants also include a "Response to Possible Motion for Entry of Default" in their Motion, arguing that Defendant Cabelka's assertion that "default judgment should be entered against Price" is entirely inadequate. ECF No. 179 at 5. Because Defendant Cabelka has not taken any of the necessary steps under Federal Rules of Civil Procedure 55 to seek an entry of default judgment against the Price Defendants, the Court need not address this issue. Accordingly, the Price Defendants' Motion to Dismiss should be granted in part to the extent it seeks dismissal under Rule 12(b)(1) and denied in part as moot to the extent it seeks dismissal under Rule 12(b)(6), as the Court lacks subject matter jurisdiction over the third-party claim.

IV. **CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor

**GRANT in part and DENY in part as moot** the Price Defendants' Motion to Dismiss (ECF No. 179).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 13, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE