# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:16-cv-00126-O-BP |
| | § | |
| LARRY CECIL CABELKA, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Cross-Defendants Jared Cabelka and Bonnie Cableka's Motion to Dismiss (ECF No. 182) with Brief in Support (ECF No. 183), filed November 20, 2017, and Defendant Larry Cabelka's "Objection to Motion to Dismiss of Jared and Bonnie Cabelka and Motion for Default Judgment" (ECF No. 201), filed December 12, 2017. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT in part and DENY in part as moot** Jared Cabelka and Bonnie Cableka's Motion to Dismiss without prejudice (ECF No. 182).

## I. BACKGROUND

Plaintiff United States of America ("United States") brought this action against Defendant Larry Cecil Cabelka ("Cabelka") on October 19, 2016 to reduce to judgment over $25.6 million in federal income tax liabilities. ECF No. 1 at 1, 3. On November 23, 2016, Cabelka filed his Original Answer and Crossclaim (ECF No. 7), alleging that various individuals and one company should be parties to the action. Although Cabelka asserted "crossclaims" against Jared and Bonnie Cabelka, the United States named Cabelka as the sole defendant in this case. ECF No. 7; *see* ECF

No. 1. Rule 13(g) of the Federal Rules of Civil Procedure provides that crossclaims may only be asserted by one party against a coparty. Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty . . . ."). The Court liberally construes Cabelka's "crossclaims" as third-party claims under Rule 14(a) since Cabelka is proceeding *pro se*. Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.").

In Defendant's Original Answer and Crossclaim, he alleges that "Jared Cabelka is responsible also and should be a party Bonnie Cabelka his current wife is responsible after 2000." ECF No. 7. Prior to filing the instant Motion, Jared and Bonnie Cabelka appeared in this case in a "reply" to the Motion for Summary Judgment filed by the Plaintiff and as non-party witnesses in connection with discovery motions affecting them. *See* ECF Nos. 89, 96, 97, 105, 112, 140, 152, 171, and 172. But they did not file an answer or other pleading in response to Defendant's cross-claims against them until the instant Motion to Dismiss. In that Motion, Jared and Bonnie Cabelka seek dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). Specifically, they argue that Cabelka never properly served them with separate summonses and third-party complaints and that Cabelka's cross-claims fail to state a claim upon which relief can be granted. ECF No. 183. In response, Defendant argues that Jared and Bonnie Cabelka have been in "default for over one year" by not answering Defendant's cross-claims. ECF No. 201. Defendant also argues that Jared Cabelka is a necessary party to the instant lawsuit due to his alleged involvement with Defendant's accounts. *Id.* Defendant requests that the Court deny Jared and Bonnie Cabelka's Motion to Dismiss and grant default judgment against them, or, in the alternative, allow Defendant the opportunity to amend his pleadings. *Id.*

## II. LEGAL STANDARD

### A. Rule 12(b)(4)

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). Rule 12(b)(4) allows a defendant to attack the form of the process, rather than the method by which it is served. A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *See Aetna Business Credit Inc. v. Universal Decor and Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981); *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009).

### B. Rule 12(b)(5)

Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint." *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008); Fed. R. Civ. P. 12(b)(5). A district court may dismiss a case without prejudice under Federal Rule of Civil Procedure 4(m) for failure of a plaintiff to effectuate service on defendants within ninety days of filing the complaint. *See, e.g.*, *Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M (BF), 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *cf. Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m) . . . . [But a] plaintiff's *pro se* status and ignorance of the law do

3

not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

To complete service of process in federal court, a plaintiff must first present a summons to the clerk of the court, which the clerk in turn "must sign, seal, and issue . . . to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). If a defendant is not served within ninety days after the complaint is filed, the court—on a motion or on its own, after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (citation omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, [it] *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citation omitted).

### C. Rule 12(b)(2)

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Although the court must accept all uncontroverted allegations in the complaint as true, this standard "does not require the

4

court to credit conclusory allegations, even if uncontroverted." *Id.* (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam)). Making the prima facie case that personal jurisdiction extends to a nonresident defendant begins by determining "if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

The exercise of personal jurisdiction comports with due process when "first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to jurisdiction in the forum state would not infringe on traditional notions of fair play and substantial justice." *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987)). These minimum contacts give rise to either general or specific personal jurisdiction. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). For general jurisdiction, a plaintiff must establish that the defendant's contacts with the forum state are "so 'continuous and systematic' as to render them essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Contacts that support general jurisdiction are so substantial that a nonresident "would expect to be sued in the state for any claim, including one not arising from his in-state activities." *Taylor v. Alex. Brown & Sons Inc.*, No. 3:02-cv-0818-P, 2002 WL 31245369, at *5 (N.D. Tex. Oct. 2, 2002). Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919 (citations omitted). When determining whether the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice, the Court balances "the burden on the defendant having to litigate in the forum; the forum state's interest in the lawsuit;

the plaintiff's interests in convenient and effective relief; the judicial system's interest in efficient resolution of controversies; and the state's shared interest in furthering fundamental social policies." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted).

### D. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially

notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III. ANALYSIS

### A. Rule 12(b)(2), (b)(4), and (b)(5) Standards

Concurrent motions for dismissal under Rule 12(b)(2), (b)(4), and (b)(5) are considered redundant when the requests for dismissal stem from alleged insufficient service of process. Thus, the Court will address all arguments under the more applicable standard of Rule 12(b)(5). *See Raburn v. Dae Woo, Inc.,* No. 3:09–CV–1172–G, 2010 WL 743933, at *1 n.1 (N.D. Tex. Mar. 3, 2010) (explaining that Rule 12(b)(5) is the appropriate standard when a defendant's "arguments for dismissal under Rule 12(b)(2) overlap entirely with its arguments for dismissal under Rule 12(b)(5).").

Jared and Bonnie Cabelka contend that Defendant's noncompliance with Federal Rule of Civil Procedure 4(b) evidences that they were never properly served with Defendant's cross-claim. ECF No. 183. The file shows that Defendant attempted to serve Jared and Bonnie Cabelka via certified mail. *See* ECF No. 22. The only document filed in Defendant's return of service includes a copy of the envelope addressed to Jared and Bonnie Cabelka mailed on December 6, 2016. That envelope also includes a stamp that states "Return to Sender, Refused, Unable to Forward." ECF No. 22. Neither Jared nor Bonnie Cabelka signed for the envelope evidencing their receipt of it. Further, Jared and Bonnie Cabelka have never filed an answer in this case. *See Richardson v. Avery*, No. 3:16-cv-2631-M-BH, 2016 WL 7803155, at *2 (N.D. Tex. Dec. 22, 2016) ("The docket does not reflect that compliance with the requirements of Rule 4 for service of process. Until he has been properly served, the defendant has no duty to answer the complaint . . . .").

7

A party objecting to the sufficiency of process or service must do so in its answer or pre-answer motion. Fed. R. Civ. P. 12(h)(1). If objections to service are not raised in the answer or pre-answer motion, they are waived. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1021 (5th Cir. 1995). However, as long as the objection is made in a timely fashion, a defendant's appearance in the suit does not waive the objection to service. *See, e.g., McCarter v. Harris County*, No. H-04-4159, 2006 WL 1281087, at *3 (S.D. Tex. May 5, 2006) (rejecting the argument that defendant waived grounds for dismissal because it had filed an answer in the suit). As noted above, Jared and Bonnie Cabelka have appeared in this case since September 6, 2017 as non-party witnesses, movants or respondents in discovery motions, and in a "reply" referring to Plaintiff's Motion for Summary Judgment. Their "reply" was filed on September 6, 2017 (ECF No. 89), two months before the filing of the instant Motion to Dismiss.

While Jared and Bonnie Cabelka were on notice of Cabelka's third-party claims against them, their pleadings filed in the case prior to the instant Motion were not so numerous and substantive, nor filed so long before they moved to dismiss, as to waive their right to object based on defective service and lack of personal jurisdiction. *See PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (active participants in litigation may be held to have waived objections to jurisdiction); *Hyundai Merchant Marine Co., LTD. V. Conglobal Industries, LLC*, No. 3:15-cv-3576-G, 2016 WL 1613949, at *3 (N.D. Tex. Apr. 21, 2016) (finding no waiver-by-conduct of party that did not actively participate in case). The instant Motion to Dismiss is the first responsive pleading that Jared and Bonnie Cabelka have filed in this case. It was filed two months after they filed their first pleading, the "reply" to Plaintiff's Motion for Summary Judgment (ECF No. 89). Their participation in the case thus far has been as non-party witnesses, and they have not thereby waived their jurisdictional defenses.

The Court next considers whether Cabelka complied with the Federal Rule of Civil Procedure 4 in effectuating service. Federal Rule of Civil Procedure 4(e) requires that service on individuals in the United States be made in one of two ways: (1) pursuant to the law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies of the summons and complaint at the individual's home with a person of suitable age and discretion or with an authorized agent. *See* Fed. R. Civ. P. 4(e)(1)–(2).

The proofs of service on Jared and Bonnie Cabelka that Defendant has filed reflect that he attempted to serve them via certified mail. Texas law permits service of process by registered or certified mail, with return receipt requested. Tex. R. Civ. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."). Certain information must be included in the return of service, including the address served and the date of service or attempted service, *see* Tex. R. Civ. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee." *Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) (citing Tex. R. Civ. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied)). Here, the relevant summons returns do not provide all of the information the Court needs to determine whether Jared and Bonnie Cabelka were properly served under Rule 4. It is not clear that an authorized person served process by certified mail, and neither Jared nor Bonnie Cabelka signed the return receipt in order to perfect service.

Although mail service is not directly authorized by the Federal Rules of Civil Procedure, Rule 4(e)(1) authorizes service under the laws of the state in which the district court sits or where service is made. Fed. R. Civ. P. 4(e)(1). Accordingly, Defendant may also execute service of process pursuant to the law of Oklahoma where Jared and Bonnie Cabelka reside. Here, Jared and Bonnie Cabelka are correct that Defendant's mailings were not an authorized means of service under Oklahoma law. Service by certified mail, return receipt requested with delivery restricted to addressee, conforms to the Federal Rules of Civil Procedure and Oklahoma law, but Defendant was not authorized to send those mailings *personally. See* Okla. Stat. tit. 12, § 2004(C)(2); Fed. R. Civ. P. 4(e)(1), (j)(2)(B). Accordingly, Defendant's returns of service were not properly made because he was not authorized by federal rule or state law to personally mail the summonses and pleading to Jared and Bonnie Cabelka for the purpose of service of process. *See* Fed. R. Civ. P. 4(c)(2); Okla. Stat. tit. 12, § 2004(C)(1)(a), (2)(a), (7); *Constien v. United States*, 628 F.3d 1207, 1213–14 (10th Cir. 2010).

While Cabelka did not raise this argument in his pleadings, the Court next considers whether good cause exists for improper service to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). To show good cause, a litigant must demonstrate "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel usually does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1990). An extension of time may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993). Defendant has not demonstrated good cause for failure to effectuate proper service within ninety days of filing the complaint as required under Rule 4(m). Jared and Bonnie Cabelka concede that they refused

service from Defendant some time in December 2016, but Defendant made no subsequent attempts to perfect service after the initial attempt was refused. *See Adams v. Brinerhoff Inspection, Inc.*, No. SA-17-cv-103-XR, 2017 WL 2275043, at *2 (W.D. Tex. May 24, 2017) (finding that the plaintiff has demonstrated good cause because of her good faith efforts to serve the defendant numerous times including an attempt to personally serve the defendant); *Evergreen Nat'l Indem. Co. v. Herndon*, No. 3:07-cv-0184-B, 2007 WL 2827978 (N.D. Tex. Apr. 2007) (denying dismissal and granting alternative method of service when multiple attempts were documented by process server).

Defendant has not shown that he accomplished service of process by a method permitted by the Federal Rules of Civil Procedure or state law. *Pro se* status does not excuse a litigant's failure to effect service. *Systems Signs Supplies v. U.S. Department of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990). Because dismissal is mandatory absent a showing of good cause, the Motion to Dismiss should be granted under Rule 12(b)(5). *See McDonald v. United States,* 898 F.2d 466, 468 (5th Cir. 1990). Accordingly, Jared and Bonnie Cabelka's Motion to Dismiss under Rule 12(b)(5) should be granted, and their Motion to Dismiss under Rule 12(b)(2) and (b)(4) should be denied as moot due to the Court's ruling on their Motion to Dismiss under Rule 12(b)(5).

### B. Rule 12(b)(6) Standard

Although the Court's ruling on Jared and Bonnie Cabelka's Motion to Dismiss under Rule 12(b)(4) should result in dismissal of Cabelka's third-party claims against them, the undersigned also considers their Motion to Dismiss raised under Rule 12(b)(6) and makes findings on this alternate ground for decision. To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Defendant's cross-claim states, "Jared Cabelka is responsible also and should be a party Bonnie Cabelka his current wife is responsible after 2000." ECF No. 183. Jared and Bonnie Cabelka argue that Defendant's one-sentence cross claim fails to state a claim on which relief can be granted.

The undersigned agrees. Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations. Nevertheless, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Defendant's bare allegations and conclusions do not survive a Rule 12(b)(6) motion. Defendant's cross-claim fails to assert claims against Jared and Bonnie Cabelka showing that they are or may be liable to him for all or part of Plaintiff's claims against him as required by Rule 14(a)(1) for third-party actions.

And though the Court should liberally construe a *pro se* party's pleadings with all possible deference, the Court need not afford such a liberal construction when "a defendant create[s] causes of action where there are none." *Smith v. CVS Caremark Corp.,* Civil Action No. 3:12–cv–2465–B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). Here, the United States' claim is based on Cabelka's individual liability for his failure to file income tax returns, a personal and nondelegable duty that is Cabelka's alone. *See Millette & Assocs., Inc. v. C. I. R.*, 594 F.2d 121, 124 (5th Cir. 1979) (per curiam), *cert. denied*, 444 U.S. 899 (1979); *see also United States v. Boyle*, 469 U.S. 241, 247 (1985); 26 U.S.C. § 6012. Liberally construing Defendant's conclusory allegations that Jared and Bonnie Cabelka should be part of this case, the undersigned concludes that Defendant has not stated a claim upon which relief can be granted. Nor does the undersigned discern a viable cause of action in any of Cabelka's comments about Jared and Bonnie Cabelka and other persons

in the Objection to the Motion to Dismiss (ECF No. 201).

In his Objection, Defendant requests that the Court grant "default judgment against Jared and Bonnie Cabelka and in the alternative allow Defendant the right to amend if necessary." ECF No. 201 at 3. Prior to the filing of the instant Motion, Defendant did not take any of the necessary procedural steps under Federal Rules of Civil Procedure 55 to secure the clerk's entry of default or the entry of default judgment against Jared and Bonnie Cabelka. Accordingly, his request for entry of default judgment raised in the Objection should be denied.

An amended pleading would not solve Cabelka's fundamental problem that his duty to pay income tax is personal and nondelegable. Even asserting his best case against Jared and Bonnie Cabelka, Defendant Cabelka has not alleged any material facts to support a claim that they are responsible for payment of all or part of his personal income taxes at issue in this case. Any attempt to amend his third-party claim against Jared and Bonnie Cabelka to allege that they must satisfy all or part of Cabelka's individual tax liability to Plaintiff would be futile because it too would fail to state a claim upon relief could be granted. Leave to amend Defendant's third-party pleading against Jared and Bonnie Cabelka under these circumstances therefore should be denied. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863 (5th Cir. 2000).

## IV.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT in part** and **DENY in part** as moot Jared and Bonnie Cabelka's Motion to Dismiss without prejudice (ECF No. 182). Judge O'Connor should **GRANT** the Motion to Dismiss under Rule 12(b)(5), or, alternatively, under Rule 12(b)(6) of the Federal Rules of Civil Procedure and **DENY as moot** the Motion to Dismiss under Rule 12(b)(2) and (b)(4). Defendant Larry Cabelka's request in his Objection to the Motion to Dismiss (ECF No. 201) that default judgment be entered

against Jared and Bonnie Cabelka and that he be granted leave to amend his third-party pleading should be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 21, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE