IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:16-cv-00126-O-BP |
| § | |
| LARRY CECIL CABELKA, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Third-Party Defendant Rebecca Thorp's "Amended Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(b)(7), and Argument in Support Thereof" filed November 28, 2017 (ECF No. 190), and Defendant Larry Cabelka's "Request to Deny Rebecca Thorp Motion for Summary Judgment and Brief in Support of" filed January 2, 2018. ECF No. 207. On December 12, 2017, the Court entered an order construing Thorp's Motion to Dismiss as a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56 in order to consider the supplemental evidence submitted by Thorp. ECF No. 200. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Thorp's Motion for Summary Judgment (ECF No 190).

**I.     BACKGROUND**

Plaintiff United States of America ("United States") brought this action against Defendant Larry Cecil Cabelka ("Cabelka") on October 19, 2016 to reduce to judgment over $25.6 million in federal income tax liabilities. ECF No. 1 at 1, 3. On November 23, 2016, Cabelka filed his Original Answer and Crossclaim (ECF No. 7), alleging that various individuals and one company should

be parties to the action.

In Defendant's Original Answer and Crossclaim, he alleges that he was married to Rebecca Thorp during the applicable tax years, that she "was responsible for turning in the taxes . . . since she was spouse at the time she is responsible for half of the taxes if proved owed," and that Thorp "forged signature of Jared Cabelka and used money out of Jareds [sic] account." ECF No. 7. Thorp filed an Answer in response to Cabelka's crossclaims and denied all allegations. ECF No. 27.  She filed her first Motion to Dismiss on January 23, 2017 (ECF No. 29). The Court denied Thorp's Motion due to Thorp's potential liability in the United States' lawsuit against Cabelka. ECF Nos. 33 and 34.

In the instant Motion, Thorp seeks dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). ECF No. 190. But the Motion does not explain why a Rule 12(b)(7) dismissal is appropriate in this case. Nevertheless, because this Court construes the instant Motion as a Motion for Summary Judgment, the Court need not consider Thorp's request for dismissal under Rule 12(b) as explained below. Attached to the Motion were the following: (1) excerpts from Thorp's deposition (ECF No. 190-"Exhibits 1–2 and 5–12"); (2) a copy of the divorce decree for Defendant and Thorp dated October 31, 2001 (*Id.* at Exhibit 3); (3) a copy of the Judicial Order for Proper Conduct of Separated or Divorced Parents issued by the District Court of Kiowa County, Oklahoma (ECF No. *Id.* at Exhibit 3); (4) a copy of the Child Support and Child Care Computation entered by the District Court of Kiowa County, Oklahoma (*Id.* at Exhibit 3); and (5) excerpts from IRS Officer Fredrick Rice's Declaration that was submitted by the United States in support of its motion for summary judgment (*Id.* at Exhibit 4).

Due to the supplemental evidence offered and relied upon by Thorp, the Court construed her Motion as a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(d)

and 56. The Court advised Cabelka of its intention to treat the motion to dismiss as one for summary judgment and granted him twenty-one days to present competent summary judgment evidence to respond to the motion. ECF No. 200. Cabelka filed a response to the Motion and supporting evidence, including (1) his own declaration; (2) a court order appointing Thorp as trustee of the Jared T Cabelka and Jordan L. Cabelka Trust; (3) a petition filed by "Rebecca Cabelka, as Trustee of the Jared T. Cabelka and Jordan L. Cableka Trust, and Jared T. Cabelka" in the District Court of Comanche County, Oklahoma; (4) the same divorce, custody, and child support documents filed by Thorp with her Motion; (5) excerpts of Susan Yates' deposition; and (6) excerpts of Thorp's depositions. ECF No. 207.

## II.   LEGAL STANDARD

### A. Rule 12(d) Standard

Rule 12(d) provides with respect to a motion to dismiss that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment[.]" Fed. R. Civ. P. 12(d). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker,* 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are [also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations

omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Lastly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n. 3 (5th Cir.1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise*, *LLC,* 255 F. App'x 775, 783 (5th Cir. Oct. 5, 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Rule 12(d) requires only that the non-movant be given notice that "the district court could treat the motion as one for summary judgment, not [whether] the court would in fact do so." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) (citing *Isquith,* 847 F.2d at 193). "A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review." *Guiles v. Tarrant Cnty. Bail Bond Bd.*, 456 F. App'x 485, 487 (5th Cir. Jan. 5, 2012).

Here, in support of its Rule 12(b)(6) motion, Thorp submitted documents that are neither attached nor referred to in Cabelka's answer and crossclaim. Thorp has placed matters outside of the pleadings before the Court for its review. Cabelka had an opportunity to respond to Thorp's Motion and present his own evidence, and is therefore not prejudiced by conversion of the Motion into one for summary judgment. *See Williams v. Potter*, 3:07–CV–1255–L, 2008 WL 1848458, at *5 n. 1 (N.D. Tex. Apr. 23, 2008) (finding no prejudice where the non-movant had an opportunity

to respond and also filed documents with her response to the motion to dismiss). Accordingly, the Court considers Thorp's Motion to be a motion for summary judgment under Rule 56.

### B. Summary Judgment Rule 56

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The party moving for summary judgment has the initial burden to prove there is no genuine issue of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the non-movant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary

judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* party. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, the courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indent. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas*, 136 F.3d at 458). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas,* 136 F.3d at 458 (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994))

### III.   ANALYSIS

As a preliminary matter, this Court addressed Thorp's request for dismissal under Rule 12(b)(1) in her first Motion to Dismiss. ECF No. 33. As stated in the February 24, 2017, Findings, Conclusions, and Recommendation, the Court found that it had subject matter jurisdiction based on Thorp's alleged liability related to the United States' claim against Cabelka due to potential issues that arise with a community property estate. *Id.* Thorp has offered no additional evidence or arguments to the contrary. Thus, for the reasons stated in its previous order, the Court concludes that it has subject matter jurisdiction over Cabelka's claims against Thorp.

Although the Court construes the instant Motion as a Motion for Summary Judgment, the Court will address Cabelka's argument that "Defendant Thorp is raising a personal jurisdiction

argument over a year since the beginning of this case." ECF No. 207 at 2. Thorp's Motion requests dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, not personal jurisdiction. ECF No. 190. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, this Court must dismiss any action for lack of subject matter jurisdiction at any time such a determination is made. Lack of subject matter jurisdiction "may be raised at any time by motion of a party or otherwise." *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977). Therefore, Thorp has not waived her right to object based on subject matter jurisdiction.

Cabelka alleges that Thorp is "responsible for one half of the taxes due during the marriage" and that he believed Thorp "had always filed paid their taxes." ECF No. 207 at 1 and 3. Cabelka purported to assert crossclaims against various parties that were not original parties to the action brought against Cabelka, individually, by the United States. ECF No. 7. It is well-settled that the responsibility for timely filing tax returns is the taxpayer's alone. *Millette & Assocs., Inc. v. C. I. R.*, 594 F.2d 121, 124 (5th Cir. 1979) (per curiam), *cert. denied*, 444 U.S. 899 (1979); *see also United States v. Boyle*, 469 U.S. 241, 247 (1985). Cabelka's individual liability for his failure to file income tax returns is a personal and nondelegable duty that is his alone. *Millette & Assocs.*, 594 F.2d at 124; *see also* 26 U.S.C. § 6012.

The United States alleges that Cabelka failed to file Form 1040 federal income tax returns for the tax years 1997-2003 and 2005-2009. ECF No. 1 at 2-3. It further alleges that "Cabelka has failed, neglected, or refused to fully pay his income tax liabilities[,]" despite receiving proper notice and demands for payment. *Id.* at 3. The United States bases these claims on Cabelka's individual, personal liability for failing to file income tax returns and pay his taxes. *See* 26 U.S.C. § 6012 (tax returns shall be made by every individual who for the taxable year has gross income which equals or exceeds the exemption amount). And it is well-settled that the responsibility for

timely filing tax returns is the taxpayer's alone. *Millette & Assocs., Inc. v. C. I. R.*, 594 F.2d 121, 124 (5th Cir. 1979) (per curiam), *cert. denied*, 444 U.S. 899 (1979); *see also United States v. Boyle*, 469 U.S. 241, 247 (1985).

In her Motion, Thorp argues that "her Divorce Decree filed in an Oklahoma State Court made Larry Cabelka liable for marital debts, except for the indebtedness on Rebecca Thorp's vehicle." ECF No. 190. Further, Thorp argues that she is not liable for any of the federal income taxes assessed against Cabelka for the tax years 1997–2003 and 2005–2009. *Id.* In response, Cabelka argues that Rebecca Thorp should be held accountable for half of the income tax that he owes because she was his wife during the applicable tax years. ECF No. 207. Specifically, Cabelka argues that just because the statute of limitations has run for the IRS to collect from Thorp "does not relieve her of liability to Larry Cabelka for anything that as [sic] taxed." ECF No. 207 at 2. Further, Cabelka argues that the divorce decree does not release Thorp from her liability because "debts and taxes are not the same thing." *Id.*

In support of her Motion, Thorp attached excerpts of her deposition, in which she stated that she "filed separately from Larry since 1985." ECF No. 190-Exhibit "1." Further, the divorce decree entered on October 19, 2001, ratified and confirmed the separation of Cabelka and Rebecca Thorp. *Id.* at "Exhibit 3." The decree expressly provides that Cabelka was to pay all remaining indebtedness excluding the "Tahoe debt," and that Rebecca Thorp would not be held liable for any other remaining debt. *Id.* The Court sees no reason why any tax liabilities existing at the time of the divorce would not fall under the allocation of responsibility for payment of debts to Cabelka.

Cabelka argues that Thorp is liable for part of the tax assessments made against him because they were married during the applicable tax years. However, such joint and several liability generally applies only when the parties file joint tax returns. 26 U.S.C.A. § 6013(d)(3).

The uncontroverted summary judgment evidence proves that Cabelka and Thorp never filed joint tax returns during the applicable tax years, and thus the relief that Cabelka seeks is not applicable in this case. Furthermore, Cabelka failed to offer competent summary judgment evidence on this point necessary to raise a genuine issue of material fact. *See Anderson*, 477 U.S. at 248. While Cabelka makes other observations and arguments of fact in his response, the Court need not consider fact issues that are "irrelevant and unnecessary." *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."). Because there is no genuine issue of material fact on Cabelka's third-party claims against Thorp, and because she is entitled to judgment as a matter of law, Judge O'Connor should grant her Motion.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Rebecca Thorp's Motion for Summary Judgment (ECF No. 190).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed January 8, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE