IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:16-cv-00126-O-BP |
| | § | |
| LARRY CECIL CABELKA, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") (ECF No. 216) in this case. The FCR recommended that this Court grant Plaintiff's Motion for Summary Judgment (ECF No. 72). Defendant filed a Response and Objection (ECF No. 218). The Court reviewed *de novo* those portions of the FCR to which Plaintiff made an objection. For the following reasons, Plaintiff's objections are overruled, and the Court **ADOPTS** the FCR as the Findings and Conclusions of the Court.

**I.     BACKGROUND**

On October 19, 2016, Plaintiff United States of America ("Plaintiff" or the "Government") brought this action against Defendant Larry Cecil Cabelka, to reduce to judgment over $25.6 million in federal income tax liabilities. Compl. 1, 3, ECF No. 1. On November 23, 2016, Defendant filed his Original Answer and Crossclaim, alleging that Rebecca Thorp, Jared Cabelka, Bonnie Cabelka, Amanda Slate, Price Farms, LLC, Kent P. Price, Logsdon Farms, Inc., Chad Logsdon, and Billy Logsdon should be parties to the action. Answer, ECF No. 7. Logsdon Farms, Inc., Chad Logsdon, and Billy Logsdon together, Amanda Slate, and Rebecca Thorp all filed motions to dismiss. ECF Nos. 11, 24, 29.  Each of the movants sought dismissal of Defendant's crossclaims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Id.* On February 24,

2017, the Magistrate Judge entered an FCR to dismiss Logsdon Farms, Inc., Chad Logsdon, Billy Logsdon, and Amanda Slate. FCR, ECF No. 33. On March 24, 2017, this Court accepted the FCR in full and dismissed Defendant's claims against the aforementioned parties. Mar. 24, 2017 Order, ECF No. 34.

On August 14, 2017, the Government filed the instant Motion for Summary Judgment. Pl.'s Mot. Summ. J., ECF No. 72. This Court granted Defendant an extension of time to file his response, August 30, 2017 Order, ECF No. 85, which he filed on October 31, 2017. Def.'s Resp. Mot. Summ. J., ECF No. 155. Defendant subsequently requested, and this Court granted, the opportunity to supplement his response, Mot. Am. Resp., ECF No. 157, and Defendant then filed supplemental documents on November 14 and 22, 2017. Suppl. Docs., ECF Nos. 173, 188–89. The Government then filed its reply to Defendant's pleadings on December 6, 2017. Reply, ECF No. 193.

On November 16, 2017, Price Farms, LLC and Kent P. Price filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Price Mot. Dismiss, ECF No. 179. On December 13, 2017, the Magistrate Judge entered an FCR to dismiss Defendant's claims against Price Farms, LLC and Kent P. Price. FCR, ECF No. 202. On December 29, 2017, this Court accepted the FCR in full. Dec. 29, 2017 Order, ECF No. 206. On November 20, 2017, Jared and Bonnie Cabelka filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). Cabelka Mot. Dismiss, ECF No. 182. On December 21, 2017, the Magistrate Judge entered an FCR to dismiss Defendant's claims against both Jared and Bonnie Cabelka. FCR, ECF No. 204. On January 8, 2018, this Court accepted the FCR in full. Jan. 8, 2018 Order, ECF No. 211. Finally, on November 28, 2017, Rebecca Thorp filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). Thorp Mot. Dismiss, ECF No. 190. The Magistrate Judge construed Rebecca Thorp's motion to dismiss as a motion for

summary judgment, and on January 8, 2018, the Magistrate Judge entered an FCR to grant summary judgment to Rebecca Thorp. FCR, ECF No. 210. On January 25, 2018, this Court accepted the FCR in full. Jan. 25, 2018 Order, ECF No. 219.

It is undisputed that Defendant has failed to file any federal income tax returns with the Internal Revenue Service ("IRS') since the tax year 1990. The Government argued in their motion for summary judgment that Defendant owes the Government $26,400,532.02 as of June 30, 2017, for the tax years 1997–2003 and 2005–2009. Pl.'s Br. Supp. Mot. Summ. J. 3, ECF No. 72. The Government also argued that it sent proper notices of the tax assessments and demands for payment to Defendant, and that the Defendant "failed, neglected, or refused to voluntarily pay his income tax liabilities." *Id.* In his response to the motion, Defendant argued that the statute of limitations ran on the tax assessments against him, that he never received proper notice of the tax assessments, and that the IRS Forms 4340 were improperly completed. Def.'s Resp. Mot. Summ. J. 1–2, ECF No. 155. Defendant's objections to the instant FCR focus on the Government's alleged failure to mail notice and what he argues are material disputes of fact over the validity of the Government's tax assessment.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party moving for summary judgment has the initial burden to prove there is no genuine issue of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir.

3

2001). The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the motion for summary judgment. *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The Court will not consider disputed fact issues that are "irrelevant and unnecessary" in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, the Court must grant summary judgment. *Celotex*, 477 U.S. at 322–23.

When reviewing the evidence on a motion for summary judgment, the Court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v.*

*Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion for summary judgment. *Id.* at 250.

      **B.**    ***Pro Se* Pleading**

"*Pro se* plaintiffs are held to a less stringent pleading standard than documents drafted by attorneys and are entitled to a liberal construction, allowing all reasonable inferences that can be drawn from their pleadings." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 436 (S.D. Tex. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). Nevertheless, *pro se* plaintiffs must "still comply with the rules of civil procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir. 1999) (citing *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995)). And "while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 [ ] to search the record to find evidence supporting a party's opposition to a summary judgment motion." *Murray v. Int'l Bus. Machines Corp.*, No. 3:14-cv-1809-M BF, 2015 WL 4635776, at *1 (N.D. Tex. Aug. 4, 2015) (citations omitted).

**III.**    **ANALYSIS**

The Court will consider each of Defendant's objections to the Magistrate FCR of summary judgment in turn.

      **A.**    **Objections Regarding Failure to Mail Proper Notice**

The Magistrate Judge found that the Government had "submitted sufficient evidence to establish that it sent the Defendant the required notices under the IRC." *See* FCR 5–7, ECF No. 216. Defendant makes multiple objections to this conclusion and to the findings supporting it. In

them, Defendant claims that none of the evidence cited by the Magistrate Judge shows proof of mailing as required by Section 6212 of the Internal Revenue Code. *See* Def.'s Obj. 3–7, 12, ECF No. 218.

The Court overrules these objections. "Section 6212 does not require the IRS to prove that [the Defendant] received the notice, only that it was mailed to [his] last known addresses." *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (internal quotations and citations omitted). Moreover, "There is . . . substantial precedent that IRS Forms 4340 and 4549 are appropriate sources evidencing the IRS's assessment *and notice* of tax arrears." *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002) (emphasis added). Here the Government submitted evidence of Form 4340s for the tax years 1997–2003 and 2005–2009. *See* Pl.'s Ex. 3, App. 42–210, ECF No. 74-3. The Government therefore submitted sufficient evidence to establish that it mailed Defendant the required notices to his last known addresses in compliance with Section 6212.

### B. Objections Regarding the Validity of the Tax Assessment

Next, the Magistrate Judge conducted a lengthy analysis of Plaintiff's evidence supporting its tax assessment and Defendant's responses challenging the validity of that assessment. *See* FCR 8–22, ECF No. 216. The Magistrate Judge ultimately found that the Government had submitted evidence supporting their assessment, entitling them to a presumption of correctness, *id.* at 8–10, and found that Defendant had not rebutted this presumption. *Id.* at 9, 21–22.

Defendant objects to this conclusion and the findings supporting it, contending that the Government has not produced any documents supporting the assessment, *see* Def.'s Obj. 7, 10–11, ECF No. 218, and that even if the Government's assessment was not a "naked assessment," Defendant rebutted the presumption of correctness. *See id.* at 8–9.

The Court overrules these objections. First, "There is . . . substantial precedent that IRS Forms 4340 and 4549 are appropriate sources evidencing the IRS's *assessment* and notice of tax arrears." *Perez*, 312 F.3d at 195 (emphasis added). Again, the Government submitted evidence of Form 4340s for the tax years 1997–2003 and 2005–2009. *See* Pl.'s Ex. 3, App. 42–210, ECF No. 74-3. The Court therefore agrees with the Magistrate Judge that this is not a case of a "naked" assessment, where "the basis upon which the assessment is calculated is beyond the knowledge of the Court." *United States v. Schroeder*, 900 F.2d 1144, 1149 (7th Cir. 1990).

The Government's evidence supporting their assessment creates a presumption of a correct assessment. *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Defendant thus bears the burden of proving by a preponderance of the evidence that the assessments are wrong. *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002); *Portillo v. Comm'r*, 932 F.2d 1128, 1133 (5th Cir. 1991). To meet this burden, a taxpayer must prove that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation. *Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)).

Defendant objects that there is a material dispute of fact over whether he has rebutted the presumption of correctness. Def.'s Obj. 9–12, ECF No. 218. Specifically, Defendant objects that the Government assessed Defendant for multiple bank accounts but only submitted evidence that Defendant held an account at Herring Bank. *See id.* Defendant further objects that the testimony of Stacy Henry and Paula Leonard established that there was no record of Defendant as a signatory to or holder of an account at Crowell State Bank or Fletcher Bank. *See id.* But these objections are either incorrect or do not raise a genuine issue of material fact.

As the Magistrate Judge explained,

> [T]he United States provide[d] a copy of its official records of the notice of deficiencies sent to the Defendant, which included an "Explanation of Adjustments" that shows deposits made at Herring National Bank, First

7

> National Bank of Fletcher, United Community Bank of North Dakota, Vectra Bank of Center, Colorado, First Bank of Burkburnett, Crowell State Bank, and Herring National Bank of Vernon from 1997–2002. The deposits in each bank account ranged from $2,103,304.81 to $4,515,545.73. ECF No. 74-4 at 28, 55. "[A]ll money deposited in a taxpayer's bank account during a given period constitutes taxable income." *DiLeo v. Commissioner*, 96 T.C. 858, 867 (1991), *aff'd.* 959 F.2d 16 (2d Cir. 1992). Bank deposits are prima facie evidence of income. *Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986). In the analysis of bank deposits cases, deposits are considered income when there is no evidence that they represent anything other than income. *Price v. United States*, 335 F.2d 671, 677 (5th Cir. 1964); *United States v. Doyle*, 234 F.2d 788, 793 (7th Cir. 1956).
>
> In support of its Motion, Plaintiff relies on IRS agent Dodgen's declaration. The declaration provides an IRS Form 886 Explanation of Items in the audit of Defendant for tax years 1997–2003, confirming that Defendant had not filed a tax return since 1990, that he sold farm equipment, that he was involved in custom harvesting, that he leased farm equipment, that Jared Cabelka provided bank statements and deposit slips for several different bank accounts for 1997–2002, that both Defendant and Jared Cabelka had signatory authority over most of these accounts, that the agent prepared a spreadsheet for 1997–2002 listing the total deposits and cash withheld by bank account, that the agent determined whether there were any loans, redeposits, etc. to reduce the total deposited, and that the income totaled for each year from 1997–2002 was between $1.5 million (2002) and $3.3 million (2000), and $553,630 for tax year 2003. ECF No. 74-4 at 186.

FCR 15–16, ECF No. 216. Contrary to Defendant's objection, the Government has submitted ample evidence supporting its inclusion of these bank accounts in its assessment. The testimony indicating that Crowell and Fletcher banks had no records of Defendant as a signatory to or holder of an account—which, as the Magistrate Judge observed, is explained by the banks retention policies, *id.* at 15—does not create a genuine issue of material fact.

Finally, Defendant objects that the Magistrate Judge erroneously relied on Jared Cabelka's testimony that Defendant received income from Chad and Billy Logsdon and Logsdon Farms, Inc., because such testimony was "self-serving" and "directly conflicts with the affidavit of Lodgdon who says that Larry Cabelka never did any work for them." Def. Obj. 12–13, ECF No. 218. The Court overrules this objection as well. While Chad Logsdon did write in an affidavit that Logsdon

Farms, Inc., never directly paid or issued a Form 1099 to Larry Cabelka for the years 1997–2003, *see* Attach. Def.'s Resp. Mot. Summ. J. 14, ECF No. 155-1, this does not "directly conflict[ ]" with Jared Cabelka's testimony that the Logsdons paid Larry through Jared. Additional Attach. Pl.'s Mot. Summ. J. 23, ECF No. 75-12. This objection does not create a genuine issue of material fact.

Defendant, before making a final general objection to the Magistrate's recommendation, helpfully summarizes his objections in bold type: "**It is inconceivable that the court would consider Jared's self serving appearing counseled directed affidavit as superior evidence over a disinterested person such as Lodgdon and the testimony of disinterested representatives of the banks listed above.**" Def.'s Obj. 13, ECF No. 218. Because the Court finds that these objections do not create a genuine dispute of material fact, Plaintiff's objections are overruled, and the Court accepts the Magistrate's FCR as the Findings and Conclusions of the Court.

IV. **CONCLUSION**

Accordingly, it is **ORDERED** that Plaintiff United States of America's Motion for Summary Judgment (ECF No. 72) should be and is hereby **GRANTED**.

**SO ORDERED** on this **29th day** of **January, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**