**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:16-cv-00126-O-BP** |
| | § | |
| **LARRY CECIL CABELKA,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's First Set of Post-Judgment Interrogatories and Request for Production of Documents, to Produce the Requested Documents, and Supporting Brief (ECF No. 227), filed April 18, 2018; Defendant's Response to Plaintiff's Motion (ECF No. 230), filed May 10, 2018; and Plaintiff's Reply in Support of its Motion (ECF No. 231), filed May 11, 2018. United States District Judge Reed O'Connor referred Plaintiff's Motion and all related responses to the undersigned by Order dated April 18, 2018 (ECF No. 228). Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Judge Reed O'Connor **GRANT** Plaintiff's Motion to Compel (ECF No. 227).

**Background**

On August 14, 2017, Plaintiff moved for summary judgment to reduce to judgment Defendant's federal income tax liabilities. ECF No. 72. The undersigned recommended that Plaintiff's motion be granted. ECF No. 216. Plaintiff filed objections, and Judge O'Connor accepted the Findings, Conclusions, and Recommendation and entered judgment accordingly. ECF Nos. 220–221. In its instant Motion to Compel, Plaintiff argues that it served on Defendant

its First Set of Post-Judgment Interrogatories and Request for Production of Documents on March 14, 2018, and that the deadline for Defendant to respond to the discovery requests has passed. ECF No. 227 at 1–2.

**Legal Standard and Analysis**

A party has a right to discover information pertaining to Defendant's ability to satisfy a judgment against him. *See F.D.I .C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."). Federal Rule of Civil Procedure 69(a) allows the normal procedure of compelling answers to discovery to apply to post-judgment discovery requests. Fed. R. Civ. P. 69(a); *McElveen v. Carib Inn Intern., Inc.*, 71 F.R.D. 193, 194 (S.D. Tex. 1976). Therefore, as in pre-trial discovery, if the party against whom discovery is sought fails to answer, Rule 37(a)(2)(B) allows the discovering party to move to compel. Furthermore, objections to post-judgment discovery requests are waived if not timely raised, unless the failure to object is excusable for good cause shown. Fed. R. Civ. P. 33(b)(4).

In response to Plaintiff's Motion, Defendant argues that he did not receive notice of the Motion because he changed his e-mail address on file with the Case Management/Electronic Case Files (CM/ECF) system, and he did not hear about the Motion until he talked to his appellate attorney. ECF No. 230. In support of his response, Defendant attached a personal "Affidavit/Declaration" stating that he changed his e-mail address after the case was administratively closed and that he "tried to give the new email" to the Clerk's office, that he was first notified of Plaintiff's Motion in May 2018, that he understood he "would not receive any contact because the case was closed," and that he has "no authorization to discuss any matters involving Jackie Latimer." *Id.*

2

In reply to Defendant's response, Plaintiff argues that on March 14, 2018, it served Defendant with the discovery requests by U.S. mail, Federal Express, and e-mail. ECF No. 231 at 2. Specifically, Plaintiff argues that it fully complied with Federal Rule of Civil Procedure 5 by serving Defendant at his last known address: P.O. Box 295, Megargel, Texas 76370, and that Defendant was required to respond to the discovery by April 16, 2018 pursuant to the federal rules. ECF No. 231 at 4–5. The undersigned notes that Defendant's responsive pleading confirms that his current address is P.O. Box 295, Megargel, Texas 76370. ECF No. 230. Further, Plaintiff argues that it e-mailed Defendant's appellate attorney, who acknowledged receipt of the discovery requests on March 14, 2018. ECF No. 230. The Court finds that Defendant has been given due notice of Plaintiff's post-judgment discovery requests and has failed to respond or to object. Furthermore, Defendant has not shown good cause for failing to object to the discovery pursuant to Federal Rules of Civil Procedure 33 and 34. Therefore, Plaintiff's Motion should be granted.

The undersigned reminds the parties that they should attempt to have meaningful discussions to resolve their discovery disputes without court intervention pursuant to *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988).

## Conclusion

The undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion to Compel (ECF No. 227) and that Defendant be ordered to respond to Plaintiff's Motion to Compel within fifteen (15) days of Judge O'Connor's Order adopting this Findings, Conclusions, and Recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 15, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4