# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:16-cv-00126-O-BP |
| LARRY CECIL CABELKA, | § § § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") (ECF No. 232) in this case. The FCR recommended that this Court grant Plaintiff United States of America's ("Plaintiff" or the "Government") Motion to Compel Defendant Larry Cecil Cabelka ("Defendant" or "Cabelka") to Respond to Plaintiff's First Set of Post-Judgment Interrogatories and Request for Production of Documents and to Produce the Requested Documents (ECF No. 227). Defendant filed objections to the FCR (ECF No. 236). The Court reviewed *de novo* those portions of the FCR to which Plaintiff made objections. For the following reasons, the Court **OVERRULES** Defendant's objections (ECF No. 236), **ADOPTS** the Magistrate Judge's FCR as the Findings and Conclusions of the Court, and **GRANTS** Plaintiff's motion to compel (ECF No. 227).

I.  **BACKGROUND**

Plaintiff moved for summary judgment in this case, and the Magistrate Judge subsequently issued an FCR recommending that this Court grant Plaintiff's motion. Plaintiff filed objections to the FCR, and upon *de novo* review, the Court accepted the Magistrate Judge's FCR and entered judgment against Defendant. Plaintiff then served Defendant with post-judgment interrogatories

and a request for production of documents, but Defendant has not responded to those requests and the deadline for doing so has now passed. Pl.'s Mot. Compel 1–2, ECF No. 227.

Plaintiff served Defendant with its discovery requests by United States mail, Federal Express, and e-mail on March 14, 2018, and emailed those requests to Defendant's appellate attorney, who acknowledged receipt on March 14, 2018. Pl.'s Reply 2, 5, ECF No. 231; *see* Pl.'s Exs., ECF No. 231-1. Plaintiff argues that it met and exceeded the requirement of Federal Rule of Civil Procedure 5 to serve Defendant at his last known address—namely, P.O. Box 295, Megargel, Texas 76370. Pl.'s Reply 4–5, ECF No. 231.[1] Plaintiff further argues that the federal rules required Defendant to respond to those discovery requests by April 16, 2018. Pl.'s Reply 4–5, ECF No. 231. Plaintiff now moves the Court to compel Defendant to respond to Plaintiff's discovery requests. Pl.'s Mot. Compel 1–2, ECF No. 227.

In response to Plaintiff's motion to compel, Defendant argues that he did not receive notice of the motion because he changed his e-mail address on file with the Case Management/Electronic Case Files (CM/ECF) system and did not hear about the motion until he talked with his appellate attorney. *See* Def.'s Resp., ECF No. 230. Defendant attached an affidavit to his response stating that he changed his e-mail address after the Clerk administratively closed the case and that he "tried to give the new email"—unsuccessfully—to the Clerk's office. *Id.* at 3. Defendant's affidavit also states that he was first notified of Plaintiff's motion to compel in May 2018, that he understood he "would not receive any contact because the case was closed," and that he has "no authorization to discuss any matters involving Jackie Latimer"—an individual mentioned in Plaintiff's interrogatories. *See id.*

## II. LEGAL STANDARD

---

[1] The signature lines on both Defendant's response to Plaintiff's motion to compel, and Defendant's objection to the instant FCR, both indicate that this is either his present or last known address. *See* Def.'s Reps. 2, ECF No. 230; Def.'s Obj. 3, ECF No. 236.

The prevailing party in litigation has the right to discover information pertaining to the losing party's ability to satisfy the judgment. *See F.D.I .C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."). In seeking discovery, the prevailing party may follow the normal federal rules of procedure for compelling answers to pre-judgment discovery in its post-judgment discovery requests. FED. R. CIV. P. 69(a). Therefore, as in pre-trial discovery, if the losing party fails to answer those post-trial discovery requests, Federal Rule of Civil Procedure 37(a)(3)(B) allows the prevailing party to move the Court to compel the losing party to respond. Moreover, if the losing party does not state a timely objection to those discovery requests, the losing party waives that objection "unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).

## III. ANALYSIS

The Magistrate Judge found in his FCR that Defendant received due notice of Plaintiff's post-judgment discovery requests, has failed to respond or object to them, and has failed to show good cause for not responding or objecting. *See* FCR 3, ECF No. 231. Accordingly, the Magistrate Judge recommended in his FCR that this Court grant Plaintiff's motion to compel Defendant to respond to Plaintiff's discovery requests. *Id.* Defendant makes six objections to the FCR:

> 1. Plaintiff's interrogatories ask Defendant about assets belonging to other people over whom Defendant has no control—specifically, Jackie Latimer. *See* Def.'s Obj. 1, ECF No. 236 (citing Def.'s Resp., ECF No. 230). In Defendant's affidavit attached to his response to Plaintiff's motion to compel, Defendant stated that he had "no authorization to discuss any matters involving Jackie Latimer. Def.'s Resp. 3, ECF No. 230.
>
> 2. The Fifth Circuit will likely reverse the judgment on appeal. Def.'s Obj. 2, ECF No. 236.
>
> 3. Plaintiff did not give Defendant advance notice before filing its motion to compel. *Id.* at 3.
>
> 4. Allowing Defendant to object to Plaintiff's discovery requests will not prejudice Plaintiff, but prohibiting Defendant from objecting would harm Defendant if the case was later reversed on appeal. *Id.*

> 5. Plaintiff did not properly serve Defendant with its discovery requests. *Id.* at 2.
>
> 6. Defendant informed the Court that he had a new email address, but the Clerk of the Court informed him that he would not need to update his email until his appeal was completed. Defendant, who is *pro se*, relied on this statement. *Id.*

The Court will consider each of these objections in turn.

First, the fact that Plaintiff's interrogatories concern assets belonging to Jackie Latimer, or that Defendant has no control over Jackie Latimer or "authorization" to discuss Jackie Latimer's assets, does not mean that Plaintiff is wholly unable to respond to Plaintiff's interrogatories. Second, Defendant's likelihood of success on appeal does not justify Plaintiff refusing to respond to a proper discovery request or the Court refusing to compel Plaintiff to respond to them. Third, Defendant was not entitled to advance notice before Plaintiff filed its motion to compel. Fourth, the relatively greater harm to Defendant in finding that Defendant waived his objections to Plaintiff's discovery requests does not affect the Court's determination whether Defendant in fact waived his objections under the federal rules—for that inquiry, all that matters is whether Defendant made a timely objection. *Cf.* FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). The Court **OVERRULES** these objections.

The two remaining objections are that Plaintiff did not properly serve Defendant and that Defendant attempted to provide the Clerk of the Court with an updated email but was instructed by the Clerk to wait for the close of his appeal. The Court finds that Plaintiff served Defendant with its discovery requests at Defendant's last known address—P.O. Box 295, Megargel, Texas 76370. *See* Pl.'s Exs., ECF No. 231-1. Indeed, the signature lines in both Defendant's response to Plaintiff's motion to compel, and Defendant's objection to the FCR, both indicate that this is either his present or last known address. *See* Def.'s Reps. 2, ECF No. 230; Def.'s Obj. 3, ECF No. 236. The Court therefore finds that Plaintiff has properly served Defendant with its discovery requests.

*Cf.* FED. R. CIV. P. 5(b)(2) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing . . . ."). Because Plaintiff properly served Defendant, Defendant's objection that he unsuccessfully attempted to provide the Court with a new email address is moot. The Court **OVERRULES** these remaining objections.

The Court finds that, because Defendant has not responded to Plaintiff's discovery requests, the Court has authority to compel a response to them. *Cf.* FED. R. CIV. P. 37(a)(3)(B)(iii) ("A party seeking discovery may move for an order compelling an answer . . . if . . . a party fails to answer an interrogatory submitted under Rule 33 . . . [or] fails to produce documents . . . ."). The Court also finds that Defendant has not shown good cause for not responding to the requests and has therefore waived any objection to them. *Cf.* FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

## IV. CONCLUSION

The Court therefore **OVERRULES** Defendant's objections to the Magistrate Judge's FCR. The Court **ADOPTS** the Magistrate Judge's findings, conclusions, and recommendation, and **GRANTS** Plaintiff's motion to compel Defendant to respond to its post-judgment discovery requests (ECF No. 227).

**SO ORDERED** on this **21st day** of **June, 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE