IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:16-cv-00126-O-BP |
| § | |
| LARRY CECIL CABELKA, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated July 10, 2018, United States District Judge Reed O'Connor referred all post-judgment matters in this case to the undersigned. (ECF No. 239). Before the Court is Plaintiff's Second Supplement to its Motion for Show Cause to Determine Whether Larry Cabelka Should be Held in Contempt for Failing to Comply with Orders Requiring Him to Respond to Post-Judgment Discovery (ECF Nos. 268) filed on October 11, 2018. Plaintiff's Second Supplement relates to its original Motion for Show Cause Order to Determine Whether Defendant Larry Cabelka Should be Held in Contempt of Court (ECF No. 240) filed on July 23, 2018. Moreover, pending is Plaintiff's Motion for Show Cause Order to Determine Whether Jacqueline Latimer and Larry Cabelka Should be Held in Contempt of Court (ECF No. 264) filed on September 21, 2018; Defendant's Response and Objection (ECF No. 267) filed on October 3, 2018; Objection (ECF No. 269) filed by Jacqueline Latimer on October 12, 2019; Plaintiff's Replies (ECF Nos. 270 and 271), filed October 17 and 18, 2018, respectively; Defendant's Objection (ECF No. 272) filed October 18, 2018; and the Response and Objection (ECF No. 273) filed by Jacqueline Latimer on October 19, 2018.

The Court held a hearing on December 13, 2018, where counsel for Plaintiff, Assistant United States Attorney Ramona S. Notinger, Defendant Larry Cecil Cabelka ("Cabelka"), *pro se*, and nonparty Jacqueline Latimer, *pro so*, presented evidence, elicited testimony, and provided arguments for the Court to consider. For the reasons stated at the hearing and further explained herein, the undersigned certifies facts showing why Cabelka's conduct does not constitute civil contempt and **RECOMENDS** that Judge O'Conner **DENY** Plaintiff's motions (ECF Nos. 240, 264, 268) to hold Cabelka in contempt of court.

## I.     Legal Standard

This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b). In a case under 28 U.S.C. §§ 636(a) or (b), where an act of contempt constitutes civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

Three elements must be established before a party can be held in civil contempt: "(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v.*

*Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted). However, "[t]he respondent may avoid a contempt finding by establishing that is has substantially complied with the order or has made reasonable efforts to comply." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *U.S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979)).

## II.     Certification of Facts

The undersigned certifies the following facts:

### a.     Cabelka's Compliance with Post-Judgment Discovery

As part of a seemingly endless post-judgment discovery battle, Judge O'Connor entered an Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge on June 21, 2018. (ECF No. 238). In that Order, Judge O'Connor overruled Cabelka's objections (ECF No. 236) and granted Plaintiff's Motion to Compel (ECF No. 227). Plaintiff filed its Motion for Show Cause Order to Determine Whether Defendant Larry Cabelka Should be Held in Contempt of Court (ECF No. 240) on July 23, 2018. The Court scheduled a hearing on Plaintiff's Motion for August 2, 2018.

Before the hearing, Cabelka delivered to counsel for Plaintiff answers and responses that were the subject of Plaintiff's Motion to Compel. Plaintiff's counsel remarked at the hearing that the answers and responses were incomplete, and Cabelka stated that he had additional materials that were responsive to Plaintiff's discovery request in addition to those he had delivered to Plaintiff that morning. At the hearing's conclusion, the undersigned deferred certifying facts to Judge O'Connor that Cabelka be held in contempt of court and, instead, provided Cabelka another opportunity to deliver full and complete verified answers to Plaintiff's interrogatories and responses to Plaintiff's request for production according to the Federal Rules of Civil Procedure

by August 8, 2018. (ECF No. 247). In that order, the Court allowed Plaintiff an opportunity to renew its motion for contempt if it found Cabelka's answers and responses deficient. (*Id.*). Cabelka delivered additional documents to Plaintiff, but Plaintiff again complained that Cabelka's answers and responses were deficient and filed its first Supplement to its Motion for Show Cause Order on August 20, 2018. (ECF No. 248).

The Court scheduled a hearing on Plaintiff's Supplement for August 31, 2018, which was continued to September 6, 2018, and provided Cabelka time to respond to Plaintiff's Supplement by August 28, 2018. Cabalka filed a Response and Objection on September 6, 2018 that contained a request for sanctions against Plaintiff's counsel. (ECF No. 254). The Court held a hearing on Plaintiff's Supplement on September 6, 2018. Minutes before the hearing, Cabelka, yet again, delivered an untimely response to Plaintiff's Supplement that purported to include additional information in response to Plaintiff's interrogatories and request for production. The Court again deferred making a certification that Cabalka be held in contempt of court and provided Cabelka one final opportunity to fully and completely answer and respond to Plaintiff's discovery request by September 12, 2018. (ECF No. 256). Cabelka timely responded. (ECF No. 257).

However, Plaintiff submitted its Second Supplement to its Motion for Show Cause Order (ECF No. 268) and complained that Cabelka's supplemental answers to interrogatories and responses to request for production (ECF No. 257 at 17 and 18) were incomplete and deficient. (ECF No. 268 at 5–14). Plaintiff requested the Court to certify that Cabelka was in civil contempt of court for failure to comply with the Court's previous orders and impose monetary sanctions of $100 per day until Cabelka complied. (*Id.* at 13–14). The Court held a hearing on December 13, 2018 concerning matters related to Plaintiff's post-judgment discovery. Although the Court did not specifically call for Plaintiff's Second Supplement to its Motion for Show Cause (ECF No.

268) at the hearing, Plaintiff presented evidence and elicited testimony concerning the motion. Accordingly, the undersigned finds the Second Supplement was properly before the Court.

"A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield*, 832 F.2d at 913. "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

The Court finds that Plaintiff has failed to prove by clear and convincing evidence that Cabelka has clearly violated the Court's orders. The Court specifically ordered Cabelka to "**physically** file with the Clerk of Court full and complete verified answers to Plaintiff's interrogatories, as provided in Rules 26 and 33, Federal Rules of Civil Procedure, and a proper response to Plaintiff's request for production, as provided in Rules 26 and 34, Federal Rules of Civil Procedure, along with any additional documents that Mr. Cabelka is producing in response to such request, **on or before 12:00 p.m. on September 12, 2018**." (ECF No. 256) (emphasis original).

Although the evidence presented at the hearing confirms some of Cabelka's answers and responses are not wholly complete, the Court is persuaded that Cabelka made a reasonable effort to make full and complete verified answers to Plaintiff's interrogatories and responses to Plaintiff's request for production according to Federal Rules of Civil Procedure. First, Cabelka timely and physically filed his answers and responses to Plaintiff's discovery request. (ECF No. 257). Second, Cabelka filed substantially complete verified answers to Plaintiff's interrogatories and documents in response to Plaintiff's request for production that contained copies of declarations verifying insurance on automobiles and mobile homes and Cabelka's 2016 tax return filed with the Internal

Revenue Service. (*Id.*). Cabelka's response also provided commentary that explained why documents requested were not produced. (*Id.*). Third, as part of this discovery dispute, Cabelka has provided to Plaintiff documentation regarding his real estate interests; 2015 and 2016 partnership tax returns for Golden Triangle Farms, LLC; personal and real estate tax statements for property in Comanche County, Oklahoma; copies of title to certain automobiles; and Golden Triangle Farms, LLC's checking account statements for 2016, 2017, and 2018 through July 2018.

Further, at the hearing, counsel for the Plaintiff submitted into evidence Exhibit 29 showing that she took Cabelka's post-judgment deposition on September 18, 2018. The deposition began at 8:57 a.m. and ended at 5:16 p.m. At the deposition, counsel for Plaintiff marked exhibit 114 that contained Cabelka's supplemental answers and responses to Plaintiff's post-judgment discovery. Thus, Plaintiff had an opportunity to develop the record concerning Cabelka's supplemental answers and responses.

Taking into consideration all of the evidence, testimony, and argument, the undersigned finds that Cabelka made reasonable efforts to comply with the Court's previous discovery orders and has not clearly violated the Court's discovery order. Accordingly, it is therefore not appropriate to certify Cabelka in civil contempt of court.

    **b.**    **Plaintiff's Motion to Hold Cabelka in Contempt of Court for His Alleged Interference with Ms. Latimer's Deposition**

On August 2, 2018, Plaintiff properly served non-party Ms. Latimer with a notice of post-judgment deposition to be held on September 19, 2018, and on August 21, 2018, served on Ms. Latimer a subpoena duces tecum for documents to be produced at the deposition. (ECF No. 264-1, 2). Instead of appearing at the deposition, Ms. Latimer filed successive motions to quash the deposition notice and subpoena. (ECF Nos. 260, 262). Her fist motion to quash was filed September 17, 2018 based on claims that her subpoena was invalid and was denied by the Court

on the following day. (ECF No. 261). Undeterred, Ms. Latimer, or someone on her behalf, filed an amended motion to quash on September 19, 2018 at 8:45 a.m., fifteen minutes before the deposition was to begin. (ECF No. 262). In her second motion to quash, Ms. Latimer claimed she could not appear for her deposition because she was heavily medicated for a condition that causes her severe pain. The Court denied her motion on the same day (ECF No. 263), and Ms. Latimer failed to appear for her deposition.

Plaintiff contends that Cabelka assisted Ms. Latimer in drafting her allegedly frivolous motions to quash and encouraged her not to appear at the deposition. (ECF No. 264 at 6). Plaintiff cites to 18 U.S.C. § 401(3) as authority for the Court to find Cabelka in contempt of court for allegedly interfering with Ms. Latimer's appearance to her deposition. Plaintiff cites to no case law interpreting 18 U.S.C. § 401(3) to find that Cabelka's alleged actions rise to the level of "[d]isobedience or resistance to [the Court's] lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). Even if Plaintiff had cited to cases, it presented insufficient evidence and elicited no testimony supporting its claims that Cabelka interfered with Ms. Latimer's appearance to the deposition. To the contrary, the testimony shows that Cabelka encouraged Ms. Latimer to attend her deposition. Accordingly, the undersigned finds there is insufficient evidence to support a finding that Cabelka interfered with Ms. Latimer's appearance to the deposition, and it is therefore not appropriate to certify Cabelka in civil contempt of court.

## Conclusion

For the reasons stated above, the undersigned certifies facts showing why Cabelka's conduct does not constitute civil contempt and **RECOMENDS** that Judge O'Conner **DENY** Plaintiff's motions (ECF Nos. 240, 264, 268) to hold Cabelka in contempt of court.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

     Signed December 17, 2018.

                                                           _____
                                                           Hal R. Ray, Jr.
                                                           UNITED STATES MAGISTRATE JUDGE