**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:16-cv-00126-O-BP** |
| | § | |
| **LARRY CECIL CABELKA,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:18-cv-00174-O-BP** |
| | § | |
| **LARRY CECIL CABELKA,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Joint Motion to Approve Sale of Megargel Property to Randell and Rebecca McAnally, for Expedited Ruling, and Supporting Brief filed in the referenced cases on May 14, 2021. *See* ECF No. 327 in Cause No. 7:16-cv-00126-O-BP and ECF No. 78 in Cause No. 7:18-cv-00174-O-BP. By order dated May 19, 2021, the Court ordered Defendants Larry Cecil Cabelka or Jacqueline Latimer (hereinafter "Defendants") to respond to the Joint Motion to Approve Sale on or before May 28, 2021, if they opposed the sale. As of the date of these findings, conclusions, and recommendation, neither of the Defendants has filed a response. After reviewing the Joint Motion and relevant authorities, and noting that Defendants have not filed a response to the Joint Motion, the undersigned **RECOMMENDS** that United States District Judge Reed

O'Connor Grant the Joint Motion to Approve Sale of Megargel Property to Randell and Rebecca McAnally.

On March 10, 2020, the Court entered a final summary Judgment in favor of the United States of America and against Defendants, authorizing the Government to sell certain property located in Megargel, Archer County, Texas ("the Megargel Property") in partial satisfaction of a judgment entered against Defendant Cabelka in Case No. 7:16-cv-00126-O-BP. The Megargel Property is described in Exhibit 1 attached to the Joint Motion. Defendants did not appeal the Court's order authorizing sale of the Megargel Property.

The receiver appointed by the Court in the above-referenced cases has identified two potential buyers, Randell and Rebecca McAnally, husband and wife, who have agreed to purchase the Megargel Property for $35,000, "as is," subject to approval of the Court. *See* Exhibit 2 attached to the Joint Motion. This $35,000 sales price is $10,000 above the current $25,000 list price and is an all cash offer. ECF No. 327 at 3. The proposed $35,000 sales price is $7,530 above the current Archer County tax-assessed value of the property, which is $27,470. *Id.*

The proposed sale of the Megargel Property appears to be "necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor approve and confirm the proposed sale of the Megargel Property to Randell and Rebecca McAnally for the amount of $35,000.00 in the form attached as Exhibit 2 to the Joint Motion to Approve Sale of Megargel Property to Randell and Rebecca McAnally, for Expedited Ruling, and Supporting Brief. ECF No. 327 in Cause No. 7:16-cv-00126-O-BP and ECF No. 78 in Cause No. 7:18-cv-00174-O-BP.

2

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 4, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE