**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:16-cv-00126-O-BP |
| | § | |
| **LARRY CECIL CABELKA,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the First Amended Joint Motion to Approve Sale of Subject Property to Zac Hoodenpyle and Sabrina Hoodenpyle, for Expedited Ruling, and Supporting Brief ("Joint Motion") filed December 22, 2022. ECF No. 409. As of the date of these findings, conclusions, and recommendation, no party has filed a response to the Joint Motion. The Joint Motion addresses the additional time needed to conclude the sale of the property at issue because of buyer's application for FSA financing and the Court's approval of the sale. *Id.* at 3. Due to these additional timing issues, the parties to the prospective sale changed the tentative closing date to be "within sixty days after the [C]ourt approves and confirms the sale." *Id.* The Joint Motion also includes a revised contract for sale. ECF No. 409-2.

After reviewing the Joint Motion and relevant authorities, and noting that Defendants have not filed a response to the Motion, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor Grant the Joint Motion (ECF No. 409).

The undersigned further notes that the Receiver omitted the legal description of the property at issue from the First Amended Joint Motion (ECF No. 408). He corrected this mistake and filed an updated version of the Joint Motion with the right legal description (ECF No. 409).

To address the duplication, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the First Amended Joint Motion (ECF No. 408) as **MOOT**.

On January 30, 2018, the Court entered an Amended Final Judgment in this case against Defendant Larry Cabelka in the amount of $26,400,532.02 ("the Amended Judgment"). The United States Court of Appeals for the Fifth Circuit affirmed the Amended Judgment on March 26, 2019. *United States v. Larry Cecil Cabelka*, 766 F. App'x 57 (5th Cir. 2019).

By Order dated March 22, 2021, the Court appointed Robert E. Ogle as Receiver to take possession of property Cabelka owned that could be sold to help satisfy the Amended Judgment. ECF No. 324. That Order requires that the Receiver obtain the Court's permission to sell property. In the pending Joint Motion, the Receiver seeks the Court's permission to sell certain property located in Cotton County, Oklahoma ("the Hoodenpyle Property") in partial satisfaction of the Amended Judgment. The Hoodenpyle Property is described in Exhibit 1 attached to the Joint Motion. ECF No. 409-1.

The Receiver has identified two potential buyers, Zac and Sabrina Hoodenpyle, husband and wife, who have agreed to purchase the Hoodenpyle Property for $151,800.00, "as is," subject to approval of the Court. *See* ECF No. 409-2. The sales price equates to $2,200.00 per acre and is above the price per acre received for comparable properties in the same area. ECF No. 409 at 2. The Hoodenpyles are the only interested purchasers who have submitted an offer on the property. *Id.* Their offer is subject to obtaining FSA financing. *Id.*

The proposed sale of the Hoodenpyle Property appears to be "necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor approve and confirm the proposed sale of the Hoodenpyle Property to Zac and Sabrina Hoodenpyle for the

amount of $151,800.00 in the form attached as Exhibit 2 to the Joint Motion to Approve Sale of Subject Property to Zac Hoodenpyle and Sabrina Hoodenpyle, for Expedited Ruling, and Supporting Brief. ECF No. 409-2. The undersigned further **RECOMMENDS** that Judge O'Connor **DENY** the previously filed, and superseded, First Amended Joint Motion (ECF No. 408) as **MOOT**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 26, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE